House and Another *v.* House.

Where a father and his adult children live together as members of a common family, there is no implied undertaking on the part of either to pay for service rendered, or board, &c., furnished; but the undertaking may arise from an express contract, or may be inferred from circumstances.

The moral obligation of a father to support an adult idiot son is greater than that of a brother, where the parties are equally able.

ERROR to the *Decatur* Court of Common Pleas.

PERKINS, J.—*Isaac House* filed in the Probate Court of *Decatur* county, in 1851, an account against the estate of his deceased father, *John House*, consisting of two items, one for the board, &c., of said *John House*, and the other for the board, &c., of his idiot adult son, *Jacob House*. Issue was taken on the validity of both items, a trial was had, and both were allowed and ordered by the Court to be paid.

*Nov. Term, 1854.*

HOUSE
v.
HOUSE.

*Monday, December 18.*

It is a rule of law that where persons standing in the natural relation of those concerned in this case, live together as members of a common family, there is no implied obligation to pay for service rendered, on the one hand, or board, &c., furnished, on the other. But that obligation may arise from contract, and a contract may be inferred from circumstances.

The evidence shows that *Jacob House* was living with his father, *John*, as a member of his family, and was supported by him; that while the two were thus living, *Isaac House* purchased the farm of said *John*, on which he, with his idiot son, then resided, moved upon it, and subsequently supported him and the son; that the board of the father was to be paid for (for that is not controverted in the record), and that he had said he would pay for the support of his son.

From this, we think a contract to pay for the support of said idiot son might be inferred, and it having been done on the trial below, we shall not disturb the finding.

The moral obligation upon the father to support his unfortunate son, *Isaac*, was stronger than was such obligation upon a brother of that son, both being alive and able to render the support; and no reason is disclosed by the record why the father should be liable for his own board and not for that of other members of his family.

We think the judgment below was right, and should be affirmed.

*Per Curiam.*—The judgment is affirmed with costs.

J. S. *Scobey*, for the plaintiffs.

J. *Robinson*, for the defendant.