CAUBLE *v.* RYMAN, Adminstrator of WRIGHT.

Where a person receives his mother-in-law into his house as a member of his family there is no obligation on her part to pay for board, unless there be an express promise, or the circumstances be such as to raise an implied promise.

APPEAL from the *Washington* Common Pleas.

ELLIOTT, J.—*Cauble*, the appellant, filed a claim in the Court of Common Pleas of *Washington* county against the estate of *Elizabeth Wright*, deceased, for boarding and washing for decedent for a period of nine years, for which he claimed the sum of $1,430. *Ryman*, the administrator, refused to allow the claim. An issue of fact was formed and

tried by the court, without a jury. The court found for the defendant, and, having overruled a motion for a new trial, rendered judgment on the finding. The reason assigned for a new trial was, that the finding of the court was contrary to the evidence. The refusal of the court to grant a new trial presents the only question in the record.

Mrs. *Wright*, the deceased, was the mother-in-law of the plaintiff. The facts of the case, as testified by the plaintiff, are that in the year 1855, the plaintiff went to the house of the deceased, and removed her and her household goods to his own home; that she continued to live with him, "just as one of the family, until the time of her death," in 1864; "that he treated her as if she had been his own mother; that he never spoke to her during her life-time about her board; that he never made any charge against her for the same, and that she never promised or agreed to pay him for her board or washing, and never paid him anything for either." The subject was never spoken of between them.

It is a rule of law, recognized by repeated decisions of this court, that where persons standing in the relation toward each other occupied by the plaintiff and the deceased in this case, live together as members of a common family, there is no obligation to pay for services rendered on the one hand, or for board, &c., furnished on the other, without there be an express promise to pay, or the circumstances be such as to raise an implied promise. *House* v. *House*, 6 Ind. 60. See, also, 1 Ind. 100; 3 *id.* 156; 9 *id.* 116; 21 *id.* 309; 23 *id.* 50. Here there was no express promise to pay, and the court below found nothing in the circumstances of the case to justify the finding of an implied promise, and we see nothing to justify us in disturbing the finding of the court below.

The judgment is affirmed, with costs.

*H. Heffren* and *J. H. Butler*, for appellant.

*J. A. Ghormley*, for appellee.