## King's Administrator *v.* KELLY.

MEMBER OF FAMILY.—LIABILITY FOR BOARD.—Where one who is nearly related to another by blood or marriage lives with the latter as a member of the family, there can be no recovery for board, &c., unless there be an express contract, or other facts to raise an implied contract.

APPEAL from the *Rush* Common Pleas.

FRAZER, J.—This was a claim by *Kelly* for board, &c., of the intestate for about ten years. A jury trial resulted in a verdict of $880 for *Kelly*.

The evidence disclosed that the intestate was divorced from her husband, and was the mother of *Kelly's* wife;

that during the last years of her life she resided in his family, as a member of it, but spent a considerable portion of her time in visiting among her other children. She assisted in the affairs of the household by her labor, loaned money to *Kelly* from time to time, while she so resided in his family, for which he gave her his notes, making at the time no claim upon her for her board; nor does it appear that any such claim was made until after her death.

The court charged the jury that if the intestate was not living with *Kelly* until after she separated from her husband, and upon the occurrence of that event took up her residence with him, without a contract or understanding between them that she should not pay for her board, *Kelly* would be entitled to recover. The following instruction asked by the appellant was refused:

"If the jury find from the evidence that the intestate was the mother of the plaintiff's wife, and went to *Kelly's* and lived there as a member of his family until her death, without any express contract or any understanding that she was to be charged for her board, the plaintiff cannot recover." The question arising upon these instructions is well settled adversely to the action of the court below. *Cauble* v. *Ryman, Admr.*, 26 Ind. 207.

The instruction given by the court is a fair statement of the law applicable to cases arising between strangers. But between parties nearly related by blood or marriage, the law does not, from the same circumstances, imply a promise to pay. It is not usual when such a relation subsists between the parties to require compensation, under the circumstances supposed. Other facts must in such cases exist to warrant the implication of a contract to pay. In this the law takes notice, very properly, of the customs of hospitality and friendly intercourse usual among kindred. This is, it seems to us, the basis of the distinction between cases where the parties are not related by such ties, and those where they are so related. The counsel for the appellee concedes that if the deceased had been *Kelly's*

mother, instead of the mother of his wife, the law of the case would have been as we held it in *Cauble* v. *Ryman,* *supra.* We perceive nothing to warrant a distinction between the case put and the one before us.

The judgment is reversed, with costs, and the cause remanded for a new trial.

G. C. *Clark* and G. B. *Sleeth,* for appellant.

L. *Sexton,* for appellee.