Daubenspeck, Executor, v. Powers.

---

DAUBENSPECK, Executor, v. POWERS.

CONTRACT.—*Member of Family.*—*Liability for Board.*—Where a man lives in the family of his son-in-law, such marriage connection rebuts any presumption of an implied promise of the father-in-law to pay for board which would exist in the absence of such a relation between the parties.

APPEAL from the Henry Common Pleas.

RAY, J.—The appellee filed a claim against the estate of

his wife's deceased father, for the boarding of the decedent in his lifetime, at intervals during eighteen years preceding his death.

On the trial, the appellant offered to prove that the decedent lived as a member of the family and performed various services for the appellee during said time, for the purpose of rebutting any implied promise on the part of the decedent to pay for his board. This evidence was excluded by the court.

The court also instructed the jury, that the fact that the decedent was the father-in-law of the appellee raised no presumption, in the absence of an agreement, that the appellee is not entitled to reasonable compensation for the boarding.

This was not a correct statement of the law. It was held, in *King's Adm'r* v. *Kelly*, 28 Ind. 89, that the fact that a mother-in-law resided in the family of her son-in-law, as a member of the family, created no liability against her estate for the value of her boarding. As there had been no contract to pay for boarding proved, and no implication of a contract could result from the facts proved, it was not important to introduce the proof offered, for the purpose stated, though the evidence would have been proper to show the circumstances under which the decedent resided in the family of his son-in-law. The instruction, however, given to the jury, would have conveyed a much more accurate idea of the law, if it had stated that the marriage connection between the appellee and the deceased rebutted any presumption of an implied promise to pay for board, while living with the appellee, which would have existed in the absence of such a relation between the parties.

For the error in the instruction given, the case must be reversed and remanded for a new trial.

Reversed, with costs.

*W. Grose* and *T. B. Redding*, for appellant.

*J. H. Mellett, J. Brown,* and *R. L. Polk,* for appellee.