## CHIDESTER, ADM'R, v. CHIDESTER.

DECEDENTS ESTATES.—*Claim in Favor of Administrator.*—An administrator is not authorized by the code of 1852 or by subsequent legislation to file a claim in his own favor against the estate which he administers; but section 802, p. 336, 2 G. & H. continues in force sec. 218, p. 526, of the Revised Statutes of 1843, which provides for the filing of such claims in the probate court; and when the court of common pleas became the successor of the probate court, it became the court for the adjudication of such claims.

APPEAL from the Cass Common Pleas.

WORDEN, J.—Peter Chidester was the administrator of the estate of Mary Chidester deceased. He filed a claim against the estate in his own favor, in the usual manner. The heirs of Mary Chidester appeared and filed an answer to the claim, and the cause was submitted to the court for trial, and the court allowed the claim in part. The heirs moved in arrest of judgment, but the motion was overruled and exception was duly taken. The only question in the cause is, whether an administrator can thus file a claim against the estate of which he is administrator, and have it passed upon.

We are not aware of any provision in the code of 1852, or in any subsequent legislation, that authorizes such a course. The statute gives a creditor a priority in the right of administration over a person not a creditor. 2 G. & H. 485. And yet it fails to provide any means of adjusting his claim against the estate. It is a clear case of omission. The code of 1843, R. S. 1843, p. 526, sec. 218, provides, that, " if any debt or demand claimed by the executor or administrator as due to him from the deceased, shall be disputed by any person interested in the estate, the executor or administrator shall file in the probate court a statement of his claim in writing, setting forth distinctly and fully the nature and grounds thereof; and the person disputing the same may allege any matters of defence, which such deceased or his legal representatives might have alleged against the same; and the decision of such claim may be submitted to

the court, or the same may be tried by a jury, as in other civil actions, and the verdict or decision thereon shall have the same force and effect as in other cases, reserving to either party the right of appeal, or to prosecute his writ of error to any superior court having jurisdiction."

We are of opinion that this section is continued in force by the code of 1852. 2. G. & H. 336, sec. 802. The claim is, of course, to be filed in the court of common pleas, which takes the place of the probate court, and the writ of error is probably abolished. Otherwise the section seems to be entirely applicable to our present system, and supplies an omission in the code of 1852. See *Hubbard* v. *Hubbard,* 16 Ind. 25; *Lane* v. *Taylor,* 40 Ind. 495; *Stanford* *Stanford, post* p. 485.

The proceedings below were in substantial compliance with the section above quoted, and there is no error in the record.

The judgment below is affirmed, with costs.

*S. T. McConnell* and *M. Winfield,* for appellant.