## SMITH ET AL. *v.* DENMAN.

JURISDICTION.—*Parties.*—The heirs of a decedent were, on their own application, admitted as defendants with the administrator, to contest a claim filed against the decedent's estate.

*Held,* that they could not afterward object to the jurisdiction of the court over them.

DECEDENTS' ESTATES.—*Claim.*—*Affidavit.*—The proper court has jurisdiction of a claim against the estate of a decedent although the same be not sworn to.

Smith *et al. v.* Denman.

The only effect of a failure to attach the statutory affidavit to a claim is, that no costs can be recovered by the claimant. The statute does not require that the affidavit shall allege that no set-off exists against the claim.

BILL OF EXCEPTIONS.—*Pleading.*—*Striking Out.*—The ruling of the court below on a motion to strike out a part of a pleading will not be considered on appeal, unless the bill of exceptions clearly defines the matter to which the motion applied.

DEMURRER.—It is not error to sustain a demurrer to a paragraph of an answer good in itself, when proof of the matter so pleaded is admissible under other paragraphs of the answer.

CONTRACT.—*Parent and Child.*—*Care and Support of Parent.*—*Implied Promise.* Where a parent resides in the family of a child, there is no implied contract on the part of the parent to pay for services rendered, or for board, lodging, or clothing supplied; but a liability may arise from an express contract, or a contract to pay may be inferred from circumstances. The relationship rebuts the presumption which exists in other cases that compensation was intended, and the circumstances must be such as to overcome the presumption which arises from the relationship of the parties.

From the Fountain Common Pleas.

*J. McCabe, G. McWilliams,* and *J. W. Copner,* for appellants.

*S. F. Wood, M. D. White,* and —— *Dochterman,* for appellee.

BUSKIRK, C. J.—This was a claim by the appellee against the estate of William Denman, deceased. The appellee was the administrator of such estate.

The heirs at law were, upon their application, made defendants, and answered in five paragraphs. The second paragraph was stricken out in part, on motion, and a demurrer was sustained to the fourth. There was a reply to the third.

The cause was tried by a jury, and resulted in a finding for the appellee. The court overruled a motion for a new trial and rendered judgment on the verdict.

The errors assigned are:

1. The court had no jurisdiction over the subject of the action.

2. The court had no jurisdiction over the parties defendants.

Smith *et al. v.* Denman.

3. The court erred in overruling the demurrer to the complaint.

4. The court erred in sustaining the demurrer to the second, third, and fourth paragraphs of the answer.

5. The court erred in overruling the motion for a new trial.

There is nothing urged in support of the first assignment of error, and as jurisdiction is expressly conferred by statute, we think nothing could be urged against the jurisdiction of the court over the subject of the action.   *Chidester* v. *Chidester,* 42 Ind. 469.

We think the appellants ought not to be heard to say that the court did not acquire jurisdiction over them, as they were made defendants, and admitted to defend, upon their own application.

The objection urged to the cause of action is, that the proper affidavit was not filed.   The affidavit was to the effect that the claim was justly due and wholly unpaid.   It is claimed that the affidavit should also have contained the averment that there was no offset to the claim, and in support of this position reference is made to *Pulley* v. *Perfect,* 30 Ind. 379.   In that case the court say :   "The statement consisted of a copy of a note given to the appellee by the decedent on whose effects the administration was had, and was accompanied by an affidavit that the claim was just and true and that there was no offset, as required by the statute.   A demurrer was filed and overruled.   Judgment for the appellee.   The statement was sufficient.   *Crabb* v. *Atwood,* 10 Ind. 322."

In that case, the claim consisted of a note executed by the decedent, payable to the order of Atwood & Co.   There was nothing showing the names of the persons composing such firm.   The court held the claim sufficient.   There are other questions decided in that case, but they have no reference to the present case.

Section 3 of an act approved February 20th, 1855, 2 G. & H. 502, provides, "that any executor or administrator, at any time before final settlement of the estate he represents,

Smith *et al. v.* Denman.

may, in his discretion, pay any claim against said estate, if such estate is probably solvent, and such executor or administrator shall be satisfied that such claim is justly due, and that no valid defence exists against the same."

The above section was intended for the guidance of executors and administrators, and has no reference to the filing of claims against estates of decedents.

The fifth section of said act provides, " that after this act shall have taken effect, unless every claim against the estate of any decedent shall have the affidavit of the claimant thereto attached, which affidavit may be sworn to before and certified by the executor or administrator of such estate, to the effect that the same is justly due and wholly unpaid, no costs shall be recovered by said claimant, in any suit for the recovery of such claim against such estate, or the executor or administrator thereof."

By the above section, the only effect of the failure to file an affidavit is, that the claimant shall not recover any costs. The affidavit required is, that the claim is justly due and wholly unpaid. We know of no statute requiring the affidavit to contain an averment that there is no offset to the claim, and we think the court in the above case inaccurately and unintentionally used the words " and that there was no offset." We think that the affidavit attached to the claim in the present case is sufficient, and that the court committed no error in overruling the demurrer to the complaint.

No question is presented by the action of the court in striking out a part of the second paragraph of the answer. The question is not reserved by a bill of exceptions. The clerk informs us that the court struck out so much of the answer as is argumentative, and overruled the motion as to the residue of such answer. We are not called upon, in the condition of the record, to determine what portion of the answer is argumentative.

When the record was filed in this court, it showed that a demurrer was sustained to the third paragraph of the answer. A diminution of the record was suggested, and a *certiorari*

awarded, and the return made thereto shows that no demurrer was filed or sustained to the third paragraph.

The fourth paragraph was as follows:

" Par. 4. And for a further answer, and by way of counter-claim, the defendants say, that during the lifetime of decedent, to wit, in November, 1868, the said plaintiff induced William Denman and his wife to go to the house of the plaintiff, they being his father and mother, and took possession of the money and notes and all the effects belonging to said Wm. Denman, worth about one thousand two hundred and ninety-two dollars and twenty-five cents, and also rented and received the proceeds of the farm in Montgomery county, Indiana, owned by said William Denman, from that time until his death upon the 15th day of June, 1871, and that the rental value of said farm was one hundred and fifty dollars per year; and that by reason of the foregoing facts he is indebted to the estate of William Denman in the sum of one thousand two hundred and ninety-two dollars and twenty-five cents, for which the defendants demand judgment and the proper relief."

The first paragraph was a plea of payment.

The second was, that William Denman, the decedent, was the father and Polly Denman was the mother of the plaintiff, with whom they lived as members of his family.

The third was, that the plaintiff was indebted to the decedent in his lifetime in the sum of one thousand two hundred and ninety-two dollars and twenty-five cents, for money had and received for the use and occupation of a certain farm, and for personal property sold and delivered and converted to the use of the plaintiff, a bill of particulars of which was filed with and made a part thereof, which sum was offered to be set off. The bill of particulars contained items for money received for the rent of the farm of the said decedent for the years 1869, 1870, and 1871.

The fifth paragraph of the answer was the general denial.

The question presented is, whether the court erred in sustaining the demurrer to the fourth paragraph of the answer. In that paragraph, the same matters were pleaded as a coun-

ter-claim that was contained in the third paragraph, which was a set-off. We do not deem it necessary to decide whether the matters set up in the fourth paragraph constituted a counter-claim, as they were unquestionably valid as a set-off. But conceding that they constituted a valid counter-claim, the appellants cannot complain of the ruling of the court, as proof of every matter pleaded was admissible, and, in point of fact, was admitted, under the third paragraph. If error was committed, it was a harmless one, as it did not in any manner prejudice the rights of appellants.

We next proceed to inquire whether the court erred in overruling the motion for a new trial.

It is claimed by counsel for appellants, that the court misdirected the jury. In the motion for a new trial, all the instructions are complained of, but in argument exceptions are taken only to the fifth and eighth, and they are as follows:

"5. If you should find that there was no contract, express or implied, existing between the plaintiff and defendant, for the care and keeping of the deceased and his wife, then you should not find for the plaintiff on this branch of the case.

"8. One of the counts of the plaintiffs is based upon an implied contract. An implied contract is a matter of inference and deduction to be drawn from the circumstances surrounding the case. In this case you are to consider from the evidence the situation, conduct, the relation of the parties, and all the circumstances surrounding this case, in determining whether an implied contract existed between the parties, Wm. Denman and the plaintiff."

It is argued that the above instructions are erroneous, because they assume that a contract to pay a reasonable compensation might be inferred from the circumstances. It is contended by counsel that where a child resides with a parent, or a parent with a child, there can be no liability in the absence of an express contract. In other words, that in such a case as the present there can be no implied obligation to make compensation.

The rule is settled in this State, that where a child continues to reside with his parents as a member of the family, after he arrives at age, or where the parents reside in the family of a child, there is no implied understanding on the part of either to pay for services rendered, or for board, lodging, or clothing furnished; but the undertaking may arise from an express contract or may be inferred from circumstances. The relationship rebuts the presumption which exists in other cases, that compensation was intended, and the circumstances must be of such a nature and character as to overcome the presumption which arises from the relationship of the parties, to justify the inference that compensation was intended. *House* v. *House,* 6 Ind. 60 ; *Adams* v. *Adams' Adm'r,* 23 Ind. 50 ; *Cauble* v. *Ryman,* 26 Ind. 207 ; *King's Adm'r* v. *Kelly,* 28 Ind. 89 ; *Daubenspeck* v. *Powers,* 32 Ind. 42 ; *Hays* v. *McConnell,* 42 Ind. 285.

In our opinion, the court committed no error in giving the instructions complained of.

Finally, it is insisted that the verdict is not supported by the evidence.

It appears from the evidence that the plaintiff took his father and mother to reside with him in their old age, one being eighty-six and the other eighty-seven years of age. Both were badly afflicted with a complication of diseases. They required great care and constant attention, which they received from the plaintiff and his family. It was shown that the services rendered to Mr. Denman were worth ten dollars per week, and those rendered Mrs. Denman were worth fifteen dollars per week.

The evidence in reference to the existence of a contract or agreement for compensation was, in substance, as follows:

William Denman, a son of plaintiff, testified: "I heard William Denman say to the plaintiff, 'Jackey, I want you to make out your bill ; what do you charge?' Plaintiff said, 'two thousand dollars.' 'Well, I will pay what I can, and you must make the rest out of the place.'"

Samuel Denman, another son of plaintiff, testified: "The old man told me that father had made no bill for keeping

them, and that it was worth two thousand dollars, and he would pay it, and that he must make the rest off of the place; that the other heirs would not keep him."

Columbus Denman, another son of plaintiff, testified: "Heard William Denman say he expected to pay the plaintiff for keeping him and the old lady, 'if it takes every dollar I have got.'"

On the other hand, Mrs. Catherine Bowers, John Bowers, Abe Hart, and Levi Brown testified, that plaintiff had said to them that he did not intend to charge anything for taking care of his father and mother.

John W. Copner testified that he heard plaintiff say he felt it his duty to take care of his parents.

There was much evidence as to the value of the personal property and rents received by plaintiff from his father. There was also evidence as to the amount of money the plaintiff received from his father. Many witnesses testified as to the manner in which the plaintiff and family took care of the old people, and what such services were worth.

Having reached the conclusion that the evidence was sufficient to justify the jury in finding that there was an express contract, it becomes unnecessary to decide whether the circumstances were such as to create the inference that there was an implied contract, and we decide nothing in reference thereto.

Under the long settled rule of practice in this court, we cannot disturb the verdict for the want of sufficient evidence to support it.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.