## HILBISH *v.* HILBISH.

### No. 6806.

PARENT AND CHILD.—*Services rendered by Son and Wife for Father.—Contract implied from Circumstances.*—Where a son and his wife, even after he has arrived at full age, continue to reside with, and labor for, his father, as a member of his family, there is no implied understanding that he shall compensate the son for the labor of himself and his wife; but an obligation on the parent to compensate the son for such services may be inferred from the circumstances of the case.

From the Elkhart Circuit Court.

*H. D. Wilson* and *I. A. Simmons,* for appellant.

*L. Warner,* for appellee.

SCOTT, J.—The appellee sued the appellant, on an account for work and labor. The answer was a general denial.

The cause was tried by a jury, at the December term, 1876, of the circuit court. There was a verdict for the appellee, in the sum of three hundred and sixteen dollars. There was a motion for a new trial by the appellant, which was overruled, and an exception taken to the ruling; and a judgment was entered upon the verdict.

The appellant claims that the court erred in its instructions to the jury, and that the evidence was not sufficient to sustain the verdict.

The evidence is as follows, to wit:

" James Hilbish, plaintiff, sworn, testified as follows : ' I am the son of the defendant. I was 21 years old September 21st, 1874. I have always made my home with my father ; and for the last few years we have lived about one and one-half miles north of Goshen, Indiana. I married my wife last January, and we both lived at father's until last July, when we left. I had been working for father all along, up till I was 21, and continued after I was 21 to work for him just as before. I worked hard ; I cleared new ground ; I did everything, and worked everywhere he directed. He always directed me what to do. I worked for him just as I have charged in my complaint. The items there charged are severally worth just what I have charged for them. He owes me for all $374. My wife worked for him—worked last winter and spring ; and her work was worth what I have charged for it. Father furnished me very few clothes during this time. Some time after I was 21, I went to Ohio and stayed four months, and when I got back father gave me some of his old clothes and set me to work. I went to father's to live, after I got back from Ohio. I went there because it was my home. I had a right to go there. During all this time I slept in father's beds and ate at his table. Made my home at father's, both before and after I was married. During all this time, that is, from the time I was 21, September 21st, 1874, until in April last, father and I never had any conversation about my getting pay for my work. I never said any thing to him, nor he to me, about it ; and I never made any memorandum of the account until in April last ; then I made out this account. I meant all the time to charge him for my work, and expected he would pay me for it. I thought he intended to pay me for it ; but I never heard him say what his intentions were about it. Last spring I rented of him the farm, on certain terms, and bought horses, wagons, har-

ness, harrows, etc., of him, amounting to over $700. He was to leave the farm, and I was to stay on it. No time was fixed when I was to pay for the property. I intended, but did not tell him so, to take out of it this account, that is, my wages. Then he wrongfully refused to let me have the farm, and I had to let him have the personal property back; this was in April. Then, after he had treated me so meanly, I told him he must pay me for my work and the work of my wife, and presented him my account and charges up to that time. He looked at it and said he would pay no such bill; it was too much; he didn't owe me that much. So he refused to pay me. I then worked on for him as before, until in July last, when I left. From April till I left he has never paid me any thing for it; but he owes it to me to-day. Some time before I was 21 my father sent for me, when I was living away from home, wishing me to come back and work for him. Father has a good deal of stock; I took care of it, and did all the hard work on the place. During the winter of 1874 and 1875, I was the only help on the place. During the winter of 1875 and 1876 he had another hired man for about two months. My father's farm consists of 210 acres. Father had no objections to my going to Ohio. I did not charge for the time I was away. I rented the farm in February, 1875; father was to leave it in April.'

" Mr. Abner Blue was sworn and examined on the part of the plaintiff, and testified as follows : 'I am a farmer and live near defendant's farm, and know both parties. Plaintiff is a good boy to work, and is worth about what he has charged for it. Good farm hands were then worth from $15 to $20 per month. Plaintiff worked in new ground, and worked hard for defendant. The wages for hired girls was $2 per week.'

" Mr. John Koontz, also sworn and examined, says : 'girls' wages were then, viz., Spring of 1876, worth

$2 per week; and hired men worth from $15 to $20 per month.'

"The above contains and is all the evidence given in this case.                    W. A. Woods, Judge."

The following are the instructions given by the court to the jury:

"1.  That, while the instructions of the court were binding on the jury as to all propositions of law in the case, the jury was the exclusive judge of all questions of fact and proof, of the weight of evidence, and the inferences to be drawn therefrom.

"2.  If the plaintiff is the son of the defendant, and that fact seems to be undisputed, and if while doing the work, if you find he did the work for which he claims pay, he lived and made his home with his father after arriving at the age of majority and as a member of his father's family, then plaintiff is not entitled to recover any thing for such work, unless the evidence shows an agreement or understanding between him and his father that he should have pay therefor.  Ordinarily, when one person does work for another who knowingly permits the work to be done and receives the benefit, the law raises and implies a contract for a fair compensation, but there is no such contract between father and son, while living together as members of one family and one does work for the other.  And, if such was the relation between these parties while the work was being done, the defendant is not liable unless there was an agreement or understanding between the parties that compensation should be made.  It was and is not enough that this plaintiff himself expected or intended to be paid; the understanding must have been mutual.  But by this it is not meant that words must have been uttered or passed between the parties, expressing this intention, but, besides the mere doing of the work by the son for the father, under his father's directions (if it was so done), there must be

proof tending to show, and enough to satisfy your minds of the fact, that there was an understanding between the parties, an expectation of pay by the son, and an intention to pay on the part of the father.

" ' 3. If the father, at the time his son (after arriving at majority) was working for him, knew that his son was expecting payment for the work so done, and allowed him to continue to work in that belief, without notice that he did not intend to pay, he would be bound to pay. And in this case it is a question of fact for you, in the light of all the facts and circumstances in proof, to say whether there was any understanding or agreement between the parties. The plaintiff has testified in the case and has stated to you what his understanding and intentions were. The defendant has not seen fit to testify. And the question whether there was an agreement must be determined upon the testimony offered by and for the plaintiff. You have no right to go outside or beyond the evidence, to find any fact; but, the defendant having offered no evidence to contradict or modify the case made by the plaintiff, you may properly give full faith and scope to the plaintiff's evidence, not, ,however, going beyond the fair meaning thereof, nor drawing inferences except such as may fairly be drawn from this proof and circumstances shown thereby.

" ' 4. It is a presumption of law that a father is not bound to pay a son, though of age, for work done by him while living at home and as a member of the family, but this presumption may be overcome by proof of an agreement or understanding for compensation, and such understanding may be inferred from the circumstances shown in evidence, if the jury deem the inference warranted.

" ' 5. If there was an understanding between the parties that the work should be paid for, and no agreement as to the amount, you should allow such sum as, under the evidence, is shown to have been the ordinary and reasonable compensation for such work.

" To giving of each such instructions the defendant at the time objected and excepted, and no other charge was given to modify or change those in this bill set forth. The defendant was present in person during said trial.          W. A. WOODS, Judge."

In the case of *Smith* v. *Denman*, 48 Ind. 65, this court said :

" The rule is settled in this State, that where a child continues to reside with his parents as a member of the family, after he arrives at age, or where the parents reside in the family of a child, there is no implied understanding on the part of either to pay for services rendered, or for board, lodging, or clothing furnished; but the undertaking may arise from an express contract, or may be inferred from the circumstances. The relationship rebuts the presumption which exists in other cases, that compensation was intended, and the circumstances must be of such a nature and character as to overcome the presumption which arises from the relationship of the parties, to justify the inference that compensation was intended."

In our opinion, the court committed no error in giving the instructions complained of in this case.

We are of opinion, that the evidence was such that the jury might reasonably infer that there was an understanding and agreement that the appellee should be paid for his labor.

The judgment is affirmed, with costs.