Davis v. Watts, Administrator.

---

No. 10,165.

DAVIS v. WATTS, ADMINISTRATOR.

LANDLORD AND TENANT.—Use and Occupation.—Agreement.—Husband and Wife.—A widow and widower, each owning a farm and having children, married, and thereafter the two families were merged, the husband supporting both, cultivating and improving and paying taxes on both farms, and the unconsumed profits going into his personal estate. There was no agreement to pay rent to the wife.

Held, that the relation of landlord and tenant did not exist, and that upon the death of the husband the wife could not recover from his estate for his use and occupation of her lands.

From the Hendricks Circuit Court.

L. M. Campbell and J. T. Burns, for appellant.

J. V. Hadley, E. G. Hogate and R. B. Blake, for appellee.

ZOLLARS, J.—Appellant filed a claim against appellee, as the administrator of the estate of James Davis, deceased, " for the occupation and use " of a farm from 1860 to 1878, " at $200 per year."

The court made a special finding of facts, with a conclusion of law that appellant was not entitled to recover.

It is contended that the court erred in this conclusion. That is the question for decision. The main facts, as found by the court, are, that in 1860 appellant was a widow and James Davis a widower; each had minor children, and each owned a farm. They were married in that year, and, uniting their families, moved upon appellant's farm and lived there as one family until the death of Mr. Davis, in 1879. During that time Mr. Davis managed, controlled and superintended the two farms, paid the taxes and received all of the rents and profits. The surplus, after paying the taxes and keeping the family, went into other personal property and improvements on the lands of both, and at his death to his administrator.

During his life Mr. Davis never accounted to appellant for any rents and profits, nor was he ever requested, or expected so to do, so far as shown by the special finding of facts. What improvements were made upon appellant's farm, how much that farm produced, what amount of surplus is in the hands of appellee, as administrator, whether any part of it is from appellant's farm, are not shown by the special finding of facts.

It is found that during the last six years of the life of Mr. Davis the rental value of appellant's farm was $150 per annum, and, prior to that time, $75 per annum, over and above the taxes and improvements thereon.

Under the common law, the husband was entitled to the rents and profits of the wife's real estate. As a part of the legislation of this State enlarging the rights of married women, section 5116, R. S. 1881, was enacted, which declares that the wife's lands, and the profits therefrom, shall be her separate property as fully as if she were unmarried: "Provided," etc. Under this statute it has been frequently decided

by this court that the husband can become the owner of such profits only by the gift of the wife, express or implied.

Upon this section of the statute, and the decision thereunder, appellant relies for a reversal of the judgment. It will not be necessary for us to notice in detail the scope of these decisions; we may say of them in general, that they have been made in cases where the controversy was about annual crops, or for the value of the same, or to charge the husband as trustee for the wife. The case at bar, we think, is not such a case. It will be noticed that the claim, as filed, is not for any specific, nor any number of crops raised on appellant's lands by the deceased husband, nor for the value of the same, nor to charge the husband, or his administrator, as a trustee, but for the " occupation and use " of the lands. If there can be a recovery, it must be upon that ground. To base it upon any other ground would be to lose sight of the case as instituted.

This action can be maintained only upon the ground that the deceased husband was in some sense the tenant of his wife, the appellant. The rules of pleading in cases of this character are not so strict as in some other cases, but the nature of the claim must be stated, and, when stated, the proof and judgment must conform thereto. It is evident, from the special finding of facts, that the case was tried below on the claim for " occupation and use." The rental value is found, but there is no finding as to the value of the annual crops or profits from the land. It seems to have been conceded that the husband was the owner of such profits each year.

Do the facts found show that the deceased husband was in any sense the tenant of his wife, the appellant? There is no affirmative finding that he was such tenant, nor that there was any agreement between the husband and wife that he should occupy and use her farm as a tenant, or in any way be liable for the rental value; nor can such an agreement, tenancy or liability, be inferred from the facts found; the legitimate inference is to the contrary.

The fact that these people were husband and wife must not be overlooked. They, with their children, lived upon the land as one family for about eighteen years, and used the lands of each in common. Out of the profits from the two farms the family was supported, the taxes paid and the farms improved. The surplus of profits in the hands of the administrator is from the two farms. From such facts alone, as between husband and wife, neither a tenancy, nor liability for occupation and use, will be implied. As bearing directly and indirectly upon this proposition, see *Stout* v. *Perry,* 70 Ind. 501; *Hays* v. *McConnell,* 42 Ind. 285, and cases cited; *King* v. *Kelly,* 28 Ind. 89; *Wills* v. *Wills,* 34 Ind. 106; *Tyler* v. *Burrington,* 39 Wis. 376; *Lyon* v. *Green Bay, etc., R. W. Co.,* 42 Wis. 548; Hill Trustees, 425; *Roper* v. *Roper,* 29 Ala. 247; *Smith* v. *Denman,* 48 Ind. 65; *Grossman* v. *Lauber,* 29 Ind. 618.

To enable her to recover in this action, the burden was upon appellant to establish an agreement of tenancy, or some agreement to pay for the use and occupation of her land.

Upon these questions the special finding of facts is silent, and, as to such questions, that is equivalent to a finding against her. *Ex Parte Walls,* 73 Ind. 95; *Graham* v. *State, ex rel.,* 66 Ind. 386; *Ayers* v. *Adams,* 82 Ind. 109.

It results from what we have said, that the conclusion of law by the court below is the proper one from the facts found, and that the judgment should be affirmed. It is, therefore, affirmed, at the costs of appellant.