Filed May 2, 1891.

---

No. 104.

## STORY v. STORY.

PARENT AND CHILD.—*Domestic Service.*—*Express Contract of Payment.*—*How Inferred.*—Where a father and his adult children live together as members of the same family, there is no implied undertaking on the part of either to pay for services, but such an undertaking may always arise, not only from an express contract, but it may be inferred from surrounding circumstances.

STATUTE OF LIMITATIONS.—*Services.*—*Contract.*—Where services have been rendered under an agreement which does not fix any specified time for payment or when the contract shall end, it amounts to one continuous contract, and the statute of limitations does not begin to run against any cause of action arising out of such agreement until the service has ceased.

PRACTICE.—*Refusal of Instructions.*—Available error can not be predicated upon the refusal to give instructions requested, even if they state the law correctly, where such instructions are substantially embraced by those given by the court of its own motion.

From the Wabash Circuit Court.

*C. E. Cowgill, H. B. Shively* and — *Cowgill,* for appellant.

REINHARD, J.—This action was brought by the appellee against the appellant, who is her father, for services rendered him by the appellee in doing household and kitchen work, and work on farm, from November, 1879, to November, 1888, at $3 per week.

The appellant answered, in six paragraphs, as follows:

1st.    General denial.

2d.    Plea of payment.

3d.    Special matter, averring that appellee was living as

a member of appellant's family, without express contract as to wages.

4th and 5th. Set-off.

6th. Statute of limitations.

Reply in general denial.

Upon these issues the cause was submitted to a jury for trial, and a general verdict was returned in favor of the appellee. With this general verdict there were also returned by the jury answers to certain interrogatories which had been submitted to them by the court.

At the proper time the appellant requested the court to give the jury certain special instructions prepared by his counsel, but the court denied the request, and the appellant reserved the question by proper exceptions.

In order to determine whether or not the court properly refused these special instructions it is proper to set them out here, together with all the instructions given by the court.

The instructions given were as follows :

" 3d. If you should find in this cause that the plaintiff is the daughter of the defendant, and that she, at or about the time alleged in the complaint, went to live with her father, under an agreement and understanding that she should live with her father as a member of his family, and for her services she should have her board and lodging, and also that of her child, and that she should have, in addition, what she could make out of the surplus eggs, and butter, and other truck raised on the farm and no other compensation, and that plaintiff went on under such an agreement and performed the services alleged in the complaint, receiving the surplus eggs and butter and other truck or the proceeds thereof, then and in that case the plaintiff could not recover, receiving her board and lodging and that of her child.

" 1st. The court charges the jury that while the instructions of the court are binding on the jury as to all propositions of law in the case under consideration, the jury are the exclusive judges of all questions of fact, and proof, of

the weight of evidence and the inference to be drawn therefrom.

"2d. If the plaintiff is the daughter of the defendant, and that fact seems to be undisputed, and if while doing the work, you find she did the work, for which she is claiming pay, she lived and made her home with her father after arriving at the age of majority, and as a member of her father's family, the plaintiff is not entitled to recover anything for such work, unless the evidence in the case shows an agreement or understanding between her and her father that she should have pay therefor. Ordinarily, when one person does work for another, who knowingly permits the work to be done and receives the benefit, the law raises and implies a contract for a fair compensation, but there is no such implied contract between father and daughter while living together as members of one family and one does work for the other. And if such was the relation between these parties while the work was being done, the defendant is not liable, unless there was an agreement or understanding between the parties that compensation should be made. It was and is not enough that this plaintiff herself expected or intended to be paid; the understanding must have been mutual. But by this it is not meant that words must have been uttered or passed between the parties expressing this intention, but besides the mere doing of the work by the daughter for the father, under her father's direction, if it was so done, there must be proof tending to show, and enough to satisfy your minds of the fact, that there was an understanding between the parties, an expectation of payment by the daughter and an intention to pay on the part of the father.

"3d. If the father at the time his daughter, after arriving at majority, was working for him, knew that his daughter was expecting payment for the work so done, and allowed her to continue to work in the belief, without notice that

he did not intend to pay, he would be bound to pay. And in this case it is a question of fact for you, in light of all the facts and circumstances in proof, to say whether there was any understanding or agreement between the parties.

"4th. It is a presumption of law that a father is not bound to pay a daughter, though of age, for work done by her while living at home and as a member of the family; but this presumption may be overcome by proof of an agreement or understanding for compensation, and such understanding may be inferred from the circumstances shown in evidence if the jury deem the inference warranted.

"5th. If there was an understanding between the parties that the work should be paid for, and no agreement as to the amount, you should allow such sum as under the evidence is shown to have been the ordinary and reasonable compensation for such work.

"8th. If the jury are satisfied by a preponderance of the evidence in the case that the work and labor sued for was done under an agreement or understanding that the same was to be paid for, as explained in these instructions, and that said work and labor was continued to be performed until within six years before the commencement of this suit, the suit would not be barred by the statute of limitation."

The instructions requested by counsel for appellant, and refused by the court, are in these words:

"1st. Gentlemen—If you find from the evidence that the plaintiff, Melissa Story, is the daughter of the defendant, Lawson Story, and that she went to live with him as a member of his family in the year 1879, and continued to live with him as a member of his family until she left some time in the year 1888, and that during the time she so lived with the defendant the services alleged in the complaint were rendered, then, and in that case, I charge you that the law is that the plaintiff can not recover for the services thus rendered, unless she proves by a preponderance of the evidence that there was

an express contract between her and the defendant to pay her for the services rendered.

"2d. In a case where an adult daughter goes to live in the family of her father's family as a member thereof, and while so living in the father's family, she performs services for her father, she can not recover for the services thus rendered unless the daughter proves that the services were rendered under an express contract made with the father, wherein he agreed to pay her for the services so performed.

"4th. In a case where a daughter who has been living with her father as a member of his family, and while so living the daughter performs services for her father in and about the household or other services, the law in such a case does not create an implied contract on the part of the father to pay the daughter for her services, and she can not recover for such services in the absence of an express agreement to pay the same."

The appellant, it will be noticed, made no objections and took no exceptions whatever to any of the instructions given to the jury by the court; but he insists that the law as stated in the instructions requested and refused has been so well settled that the court necessarily committed error in refusing to give them.

We think, however, that the instructions given by the court fully cover every proposition of law contained in those asked for and refused, unless it be that portion which seeks to impress upon the jury the view that they have no right to infer from the circumstances surrounding the case and the parties, that there was an undertaking to pay for the services, but that there must be direct proof of the contract itself, which portion we think is not good law, and was therefore properly rejected.

The rule of law upon this subject has been so often stated that it would seem unnecessary to quote it again if counsel did not insist upon a statement at variance with it. Where a

father and his adult children live together as members of the same family, there is no implied undertaking on the part of either to pay for services; but such an undertaking may always arise, not only from an express contract, but it may be inferred from the surrounding circumstances. *Hilbish* v. *Hilbish*, 71 Ind. 27; *Smith* v. *Denman*, 48 Ind. 65; *Webster* v. *Wadsworth*, 44 Ind. 283; *Daubenspeck* v. *Powers*, 32 Ind. 42; *King* v. *Kelly*, 28 Ind. 89; *Cauble* v. *Ryman*, 26 Ind. 207; *Adams* v. *Adams*, 23 Ind. 50; *Pitts* v. *Pitts*, 21 Ind. 309; *House* v. *House*, 6 Ind. 60; *Oxford* v. *McFarland*, 3 Ind. 156; *Resor* v. *Johnson*, 1 Ind. 100.

We think the instructions asked for and refused were substantially embraced in those given by the court, and the appellant has no just cause for complaint on this account.

Another ruling of which the appellant complains, and which he has properly presented here for review, is the eighth instruction given by the court. This instruction is predicated upon the theory that where services have been rendered under an agreement which does not fix any specified time for payment or when the contract shall end, it would amount to one continuous contract, and the statute of limitations would not begin to run against any cause of action arising out of such agreement until the service had ceased. We are inclined to the opinion that this view of the law is correct. *Littler* v. *Smiley*, 9 Ind. 116; *Taggart* v. *Tevanny, post,* p. 339.

The contention of the appellant's counsel that the application of this rule would conflict with the theory of the complaint has no foundation to stand upon. The complaint does not proceed upon the theory that each week's work is upon a separate and distinct agreement. It is a simple declaration upon a contract for work and labor from November, 1879, to November, 1888, at the rate of three dollars per week. We do not think the court committed any error in giving this instruction.

As these are all the errors which counsel for appellant discuss in their brief, we need not notice any others that may have been assigned.

The judgment is affirmed, with costs.

Filed May 2, 1891.