Kettry, Administrator, *v*. Thumma.

*Filed April 6, 1894.*

---

No. 1,003.

## Kettry, Administrator, *v.* Thumma.

Decedent's Estate.—*Action Against.—Matter of Defense.—Instruction to Jury.—Issues.*—Where the only objection to an instruction given in an action against a decedent's estate was that the instruction limited the issues to those formed by the written pleadings, there was no error in giving the instruction, even if the objection is well founded, if the evidence shows that, on the trial, no attempt was made to establish some defense other than those arising from the written pleadings.

Same.—*Claim for Services.—The Family Relation.—Contract.—Quantum Meruit.*—In an action on a claim against a decedent's estate, for services rendered the decedent, the court instructed the jury

that "If you find, from the evidence, that there were services rendered by the plaintiff to the decedent; and that there was an agreement or understanding between plaintiff and decedent that such services were to be compensated by the conveyance of property by the decedent to plaintiff, or otherwise, such agreement or understanding overthrows the presumption that services rendered under it were performed gratuitously, that otherwise might arise by reason of the fact that plaintiff and decedent were brothers, or lived together as one family, and your verdict should be for the plaintiff." The only objection made to the instruction was that if the facts proved show such an agreement, the claimant's remedy was by suit on breach of such contract, and not on a *quantum meruit*.

*Held*, that such objection is not well taken, for the reason that where such a contract is not enforceable, an action will lie on an implied promise, a *quantum meruit* or *quantum valebat*.

RECOVERY.—*Not Limited to Amount Prayed For.—Determined by the Facts and the Evidence.*—A plaintiff is not confined, if entitled to recovery, to the amount prayed for in the complaint, but may recover such an amount as the facts stated and the evidence adduced show him entitled to; and the same is true of any one item in the complaint.

EVIDENCE.—*Decedent's Estate.—Declarations of Decedent.—The Family Relation.—Services.*—It is not error to allow proof of the declarations of a decedent to the effect that he intended to leave or give all of his property to his brother, the claimant, for caring for him, as such declarations tended to rebut the presumption that the services were rendered gratuitously, the family relation having existed between them.

From the Madison Circuit Court.

*W. A. Kittinger, L. M. Schwinn, E. B. Gooodykoontz* and *G. M. Ballard,* for appellant.

*H. C. Ryan* and *M. A. Chipman,* for appellee.

LOTZ, J.—The appellee filed a claim against the estate of appellant's decedent for work and labor done for him, and for goods furnished and for board, and for caring for him while sick. The claim aggregated about $2,000.

Issues were joined and the cause submitted to a jury, which returned a verdict in favor of the appellee in the sum of $1,800, on which judgment was pronounced.

The only error assigned on this appeal is that the trial court erred in overruling the motion for a new trial.

The first cause for a new trial calls in question the sufficiency of instruction number one, given to the jury by the court on its own motion. The instruction is in these words:

"Gentlemen of the Jury: This is an action by Henry Thumma against the estate of Joseph Thumma, deceased, on an account alleged to have been due from said estate to the claimant. This claim the administrator answers, first, by a general denial, and, secondly, by an answer alleging that the claim was fully paid before said claim was filed. This answer of payment the claimant meets by a general denial, and these constitute the issues which you are to determine. Upon the first issue thus presented upon the plaintiff's claim, and defendant's denial thereof, the burden of proof is upon the plaintiff, and upon the second issue formed by the defendant's plea of payment and plaintiff's denial thereof, the burden of proof is upon the estate, the defendant. So that if you find that the plaintiff has proved any or all the items of his claim by a preponderance of all the evidence, then it will be your duty to find for the plaintiff, upon any or all such items so proved, unless you find that the defendant has proved, by a preponderance of all the evidence, the payment of any or all such items, in which event your duty will be to find for the defendant upon any or all such items so proved to have been fully paid."

The only objection taken to this instruction is that it limits the issues to those formed by the written pleadings; that under the statute, section 2479, R. S. 1894, the appellant was entitled to give any matter by way of answer, except set-off or counterclaim, without pleading the same. Conceding this position to be well taken, still there was no error in giving the instruction, unless the evidence shows that the appellant, on the trial, attempted to establish some defense other than those that might

have been given under the general denial and the special answer of payment.

Under the general issue, a defendant has the right to give all evidence tending to disprove any fact, the proof of which, by the plaintiff, is necessary to make out his case; and when the complaint declares upon a common count or an implied contract, he may show under it, that there was a special contract instead; or if the complaint declares upon a special contract, he may, under the general denial, show there was an implied contract only, and thereby defeat a recovery, for a party must recover *allegata et probata,* or not at all. *Armacost, Admr.,* v. *Lindley, Admr.,* 116 Ind. 295 (298).

The appellant contends that both the evidence and the complaint itself show that a part of the claim was barred by the six years' statute of limitation. One item of the complaint is dated in 1885. The evidence shows that the deceased died in January, 1892, and the complaint was filed April 23, 1892. A careful reading of the evidence shows that no claim for any service, or for anything else, was made prior to September, 1886, and that all were within six years prior to filing the claim. This objection is not well taken. No other objection being made to this instruction, we are not required to consider it in any other aspect.

It is next insisted that the court erred in refusing to give instruction number three, asked by appellant.

This instruction is in these words: "If you find that the claimant should recover on any item or items of his claim, he can not recover more than a preponderance of the evidence shows them to be worth, and if there is evidence showing the reasonable value of any item proven in the claim, and that reasonably proven is greater than the amount stated in the claim, then, and in that event,

the claimant can not recover for a greater amount charged in the claim.''

The amount of the verdict is within the demand made in the complaint. A party is not necessarily bound by the demand made in his pleadings. It is well settled that a pleading may be amended, even after verdict, to conform to the proof, if such amendment does not change the character of the cause of action. *White* v. *Stellwagon*, 54 Ind. 186; *Webb* v. *Thompson*, 23 Ind. 428.

It is true that it was formerly held that it was error to render judgment for a sum greater than that prayed for in the complaint. *Roberts* v. *Muir*, 7 Ind. 544; *O'Neal* v. *Wade*, 3 Ind. 410.

But the rule is otherwise under the present code. 1 Works' Prac., section 911.

The fact that a verdict or finding is for an amount in excess of that demanded in the complaint, can not be assigned as a cause for a new trial in any form, in case the facts stated, and the evidence adduced, entitle the plaintiff to recover the amount found. *McKinney* v. *State, ex rel.*, 117 Ind. 26 (30).

If this be true as to the general demand in the complaint, it is also true as to the demand as to any one item. There was no error in refusing this charge.

The next contention is, that the court erred in giving instructions No. 2 and 3, asked by the appellee.

Instruction No. 2 is as follows: ''If you find from the evidence that there were services rendered by the plaintiff to the decedent; and that there was an agreement or understanding between plaintiff and decedent that such services were to be compensated by the conveyance of property by decedent to plaintiff or otherwise, such agreement or understanding overthrows the presumption that services rendered under it were performed

gratuitously, that otherwise might arise by reason of the fact that plaintiff (and decedent) were brothers, or lived together as one family, and your verdict should be for the plaintiff.''

The appellee and the deceased were brothers. The deceased was unmarried and had no family. He owned a farm and some personal property. He lived and boarded with the appellee for several years before his death, and a part of the time he was afflicted. There was evidence given which tended to show that the deceased intended to leave or give all of his property to the appellee for caring for him.

Where persons standing in the relation toward each other as that of the appellee and the deceased, live together as members of a common family, there is no obligation to pay for services rendered on the one hand or for board and care furnished on the other without there be an express promise to pay, or the circumstances be such as to raise an implied promise. *Story* v. *Story*, 1 Ind. App. 284 (289); *Cauble* v. *Ryman*, 26 Ind. 207; *Smith* v. *Denman*, 48 Ind. 65.

Such evidence was proper, as it tended to show that there was a promise on the part of the deceased, and an intention to pay or compensate the appellee for the services rendered and board furnished.

The only objection made against this instruction is that, if the facts proved show such an agreement, the appellee's remedy was a suit on a breach of such contract and not upon a *quantum meruit*. Where services have been performed or money paid in consideration of property to be conveyed, if the contract is not enforceable by reason of the statute of frauds, or otherwise, an action will not lie on the special contract, but will lie on an implied promise, a *quantum meruit* or *quantum valebat*. *Wallace* v. *Long, Guar.*, 105 Ind. 522.

The objection made to this instruction by appellant is not well taken. Whether or not it is bad because it invades the province of the jury and attempts to tell the jury the force and effect of certain evidence, we need not, and do not, decide, as it is not assailed on that ground. The general rule is that an appellate court will search the record for the appellee in order to sustain a judgment, but will not go beyond the contention of appellant in search of errors to overthrow a judgment, unless it be as to matters of jurisdiction. *Louisville, etc., R. W. Co.* v. *Berry*, 36 N. E. Rep. 546.

There was no evidence, whatever, that tended to show that the deceased promised to give or convey to appellee any particular property, or to pay him any specified sum. The only evidence bearing upon this point consists of certain declarations of the deceased to the effect that he intended to leave all his property to the appellee on account of the kind treatment he had received from him.

Instruction No. 3, refused by the court, is, in effect, similar to No. 2, last above set out, and the same objection is made to it. The objection is not well founded.

The rulings of the court, in permitting the appellee to prove by several witnesses the declarations of the deceased to the effect that he intended to leave or give all of his property to the appellee for caring for him, were also assigned as causes for a new trial. There was no error in admitting this evidence. It tended to rebut the presumption that there was no promise to pay for the services. It is also insisted that the amount of the recovery is too large.

There was some evidence that fairly tended to establish that the appellee was entitled to recover the full amount of the verdict. Perhaps the weight of the evidence does not sustain so large a recovery. But it was the peculiar province of the jury to weigh the evidence,

and this court will not disturb the judgment under such circumstances.

Judgment affirmed, at costs of appellant.

DAVIS, C. J., and Ross, J., absent.

Filed Mar. 17, 1894.