## EPPERT, EXECUTOR, v. GARDNER.

[No. 7,701. Filed January 10, 1911. Rehearing denied March 7,
1911. Transfer denied June 27, 1911.]

1. WORK AND LABOR.—*Decedents' Estates.—Parent and Child.—
Services.—Complaint.—Another Action Pending.*—A complaint
alleging that the plaintiff after she was twenty-one years old,
was induced to care for her mother and father during the re-
mainder of their lives by the promise of her father that he
would will to her the homestead, that accordingly she performed
such services, that her father so executed his will, but that
shortly prior to his death he destroyed it and executed another,
leaving such property to another, and demanding the value of
her services, is sufficient; and the objection that another action
was pending for the same cause is not sustained, where the com-
plaint does not show such fact. p. 190.

2. PLEADING.—*Plea in Abatement.—How Questioned on Appeal.*—
A plea in abatement can be questioned on appeal only where a
demurrer is filed thereto and exception reserved to the ruling
thereon. p. 191.

3. APPEAL.—*Briefs.*—Points not argued will not be considered.
p. 191.

4. WORK AND LABOR.—*Parent and Child.*—A daughter who, after
arriving at the age of twenty-one years, works for her parents,
under a contract, express or implied, can recover therefor. p. 192.

5. WORK AND LABOR.—*Parent and Child.—Services.—Jury.—Ap-
peal.*—Evidence tending to show that the plaintiff, after she be-
came twenty-one years old, and at the request of her father, re-
mained at home and cared for her mother and him until they
died, in pursuance of a promise by him to will to her the home-
stead, supports a verdict in her favor for the value of the serv-
ices, the father failing to provide for her as agreed in the will;
and such verdict is conclusive on appeal. p. 193.

6. WORK AND LABOR.—*Parent and Child.—Promise of Compensa-
tion.—Presumptions.*—A promise by a parent to compensate his

child for services to be performed rebuts the legal presumption that such services are gratuitously performed. p. 193.

7. TRIAL.—*Instructions.*—*Peremptory.*—Where there is some evidence tending to support the material allegations of plaintiff's complaint, a peremptory instruction for defendant is improper. p. 193.

8. TRIAL.—*Instructions.*—*How Considered.*—Instructions should be considered as a whole, and when they fairly place the case before the jury, reversible error cannot be predicated thereon. p. 194.

9. TRIAL.—*Instructions.*—*Refusal to Give.*—*Predication of Error Upon.*—Reversible error cannot be predicated upon the court's refusal to give instructions requested unless it is specifically pointed out by appellant in what manner such instructions were relevant to the issues and that they were warranted by the evidence. p. 194.

10. WORK AND LABOR.— *Executors.*— *Claims.*— *Evidence.*— *Decedent's Declarations.*—In an action by a daughter against the executor of her father's will for services rendered under his alleged promise to pay therefor, declarations by such father, against the interests of the daughter, and in her absence, are not admissible, being self-serving. p. 194.

11. WORK AND LABOR.—*Executors and Administrators.*—*Evidence.* —*Declarations of Party.*—In an action by a daughter for services rendered to her father under his alleged promise to pay therefor, evidence of the father's declarations as to his intention of holding an insanity inquest on such daughter is inadmissible. p. 195.

From Probate Court of Marion County (9,413); *Frank B. Ross,* Judge.

Action by Nancy C. Gardner against Fred W. Eppert, as executor of the last will of Francis M. Eppert, deceased. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Barrett & Barrett* and *Denny, Bowen, & Denny,* for appellant.

*Henry Clay Allen,* for appellee.

IBACH, J.—Appellee instituted this action against appellant, as executor of the estate of Francis M. Eppert, deceased, for services rendered to decedent and his wife from

August 1, 1894, to May 26, 1898, and for the decedent alone from May 26, 1898, to April 7, 1907.

It is alleged in the complaint that the services were rendered under an agreement made with Francis M. Eppert, appellee's father, wherein it was agreed that after appellee became twenty-one years of age she was to remain with her father and mother, keep house for them, nurse and care for them, and that in consideration of her so doing said Francis M. Eppert would execute a will, devising to her in fee simple the home in which they lived; that he did execute such will, making therein such provision for her; that she saw such will, and was induced thereby to remain at home and care for her parents; that for more than twelve years she performed the services required of her; that, in consideration of said agreement, she advanced to decedent, for repairs on said property, $50. She also says that he preserved the will for a period of time, but that shortly before his death he destroyed it, and executed another, wherein he wholly failed to will the property, or any part thereof, to her, and that therefore the estate is indebted to her in the sum of $6,680.

Appellant made some preliminary motions that were disposed of by the trial court, after which he filed his answer in two paragraphs; the first of which was a general denial, and the second a plea of payment. For reply to appellant's second paragraph of answer, appellee filed a general denial. The jury upon the trial found for appellee, and she obtained a judgment for $2,500.

The errors assigned by appellant are that the court erred (1) in overruling appellant's demurrer to appellee's complaint, and (2) in overruling appellant's motion for a new trial.

1. The complaint states a cause of action, and it does not appear from the pleading that there was another action pending between the same parties for the same cause, and the demurrer was properly overruled.

Counsel for appellant insist that the court pass upon the
sufficiency of the verified plea in abatement, but this
2. question is not presented.   It could only be pre-
sented by demurrer and exception properly taken,
and this was not done.

Sixteen grounds are set out in appellant's motion for a
new trial, which, so far as they are argued, will be consid-
ered.   The third cause stated is that the verdict of
3. the jury is not sustained by sufficient evidence, and
the fourth is that the verdict of the jury is contrary to
law.   This we shall consider together.

The evidence fairly tends to prove that claimant remained
at her father's house more than twelve years after she be-
came of age, nursed her mother for three years, looked after
and took care of her father, and performed the major por-
tion of the housework during the time she remained at
home; that some years before her father's death he made a
will, devising to her the house where they lived, in fee simple;
and that she saw the will.   Sarah E. Bogardus testified
that decedent said to her that he had helped Fred (mean-
ing his son), and that he was going to leave the rest to Kate
(this claimant).   Decedent stated to Emma Bogardus that
Fred had had his share, and what he had was Kate's; that
it was to be left to her; that he was going to leave the es-
tate to her.   Mary E. Long testified as follows: "I heard
him tell Mrs. Eppert on her dying bed, that the property
on Buchanan street would be devised to Kate, so that in
case of death she would have an income as long as she lived;
that he intended her to be well taken care of; that she had
been a good faithful daughter, and he expected her to be
well remembered and remunerated."   Another witness tes-
tified as follows: "We were sitting on the porch one after-
noon, and Kate came along.   She was not feeling well, and
sat down, and he said 'This is my baby,' and she started to
cry, and he said, 'Never mind, Katy, I will pay you back
some day,' I said: 'You have Fred,' and he said: 'No mat-

ter; Fred does not come to my house, but Kate has always taken care of me, and helped me to get what I have.' He said she had been a good girl to him, and that 'If I had not had Kate to save for me, I would have nothing'.'' Other witnesses testified to hearing him acknowledge the value of appellee's services rendered.

John Hugg, who prepared the two wills, testified that by the terms of the first will decedent devised one of the parcels of real estate to his daughter absolutely, and the other piece to his son. The evidence also reveals the fact that, in at least one instance, he spoke of the property as being Kate's in her presence and in the presence of another person; that shortly before his death he burned this will, and executed another.

The validity of appellee's claim depends upon the question whether she rendered services for her father in his lifetime in pursuance of an agreement, either expressed or implied, that she was to be paid for such services. If appellee lived in her father's home as a member of his family, and worked for him without any understanding, either express or implied, that she was to receive pay for services rendered, then she could not recover against the estate; but it is equally true that if the evidence shows facts and circumstances from which a contract might reasonably be inferred, then she can recover the value of her services rendered under such implied contract. *Hill* v. *Hill* (1889), 121 Ind. 255; *Kettry* v. *Thumma* (1894), 9 Ind. App. 498; *Puterbaugh* v. *Puterbaugh* (1893), 7 Ind. App. 280; *Smith* v. *Denman* (1874), 48 Ind. 65; *James* v. *Gillen* (1892), 3 Ind. App. 472; *Robinson* v. *Raynor* (1864), 28 N. Y. 494; *Stewart* v. *Small* (1894), 11 Ind. App. 100.

This case is not unlike the case of *Crampton* v. *Logan* (1902), 28 Ind. App. 405, where the court used this language: ''And if the circumstances authorized the person rendering services reasonably to expect payment therefor,

by way of furtherance of the intention of the parties, or because reason and justice require compensation, the law will imply a contract therefor.''

There is some evidence tending to prove a contract between appellee and her father; at least enough to rebut the presumption that the services were rendered by her gratuitously, and the rule is well settled that where it is the province of the jury to decide questions of fact, that decision will not be disturbed, if there is any evidence presented to sustain the verdict. *Wallace* v. *Long* (1886), 105 Ind. 522; *Story* v. *Story* (1891), 1 Ind. App. 284; *Knight* v. *Knight* (1893), 6 Ind. App. 268; *Forester* v. *Forester* (1894), 10 Ind. App. 680; *Steward* v. *Small, supra.*

It has also been correctly held that a promise on the part of a parent to compensate a child by a conveyance of land for nursing, care and attention, will rebut the presumption which arises because of the fact that the work was done while the child was living in her father's family, that the work was performed gratuitously. *Wallace* v. *Long, supra.*

Some evidence having been introduced by appellee to support the allegations of her complaint, the court committed no error in overruling appellant's request for a peremptory instruction.

The evidence introduced at the trial is not in all respects satisfactory; however, it may be said that it tends to establish the averments of the complaint, and as it has been passed upon by a jury, which found in favor of appellee, and the action of the jury has been approved by the trial court, this court is not authorized to disturb the verdict. After a careful examination of all the evidence, we conclude that there were facts and circumstances proved by the trial in the lower court that justified the jury in drawing the inference that there was an

understanding between decedent and appellant that she was to be paid for the work done by her, and that she expected pay therefor.

Appellant earnestly contends that certain instructions given by the court to the jury were erroneous, but after a full consideration of each of them we are of the opinion that, when taken together, they clearly and fully state the law applicable to this case. The jury was given full, elaborate and specific instructions bearing upon the material evidence in this cause.

Appellant also earnestly insists that the trial court committed error in refusing to give instructions requested. We have not been informed wherein such instructions were relevant to the case, and we are unable to find wherein they would have been proper, in view of the issues. Neither do we find that appellant was in any manner harmed by the court's refusal to give the instructions asked, as the trial court was not, under the issues joined, required to construe the will and codicil of Francis M. Eppert, deceased. The will and codicil were introduced in evidence for what they were worth, and it is presumed they were considered by the jury, so that if the contents of the will and the codicil were competent as tending to show payment, the cross-complaint filed in a different and other cause of action, in which a construction of the will was asked, would add nothing, and the court committed no error in this respect.

It is insisted by counsel for appellant that the court erred in excluding evidence offered by appellant. The reason given for insisting on this proposition is "that the evidence tended to show that decedent entertained no thought that he was indebted to the appellee for the services rendered." It does not appear that any such statement, if made, was made in the presence of the claimant, and could not be considered anything more than a self-serving declaration uttered by decedent.

MAY TERM, 1911. 195

Brownell Improv. Co. *v.* Nixon—48 Ind. App. 195.

The sixteenth cause assigned by appellant for a new trial is that the court erred in refusing to permit a witness to answer the following question: "What, if anything,

11. did you ever hear Francis M. Eppert say about holding an insanity inquest on his daughter, Nancy Gardner?" We fail to see how this matter was in any way material to a just conclusion of this case, as it related entirely to an immaterial matter, and there was, therefore, no error in refusing to permit the witness to testify concerning it.

We have examined all the questions raised by this appeal that have been argued, and conclude there is no error in the record. Judgment of the court below affirmed.

Felt, J., did not participate.