No. 13,804.

HILL v. HILL.

PLEADING.—*Reply.*—*Answer.*—Where a reply is headed by an introductory statement designating it as a reply to the second and third paragraphs of answer, and following which are two separate paragraphs properly numbered, the first being a general denial and the second pleading payment of the items pleaded as a set-off, the last-named paragraph may properly be deemed to apply to the third paragraph of answer, and a demurrer to it for the reason that it purports to be an answer to both the second and third paragraphs of answer and only pleads facts constituting a reply to the third paragraph, neither confessing nor avoiding the facts pleaded in the second, was properly overruled.

SAME.—*Set-Off.*—*Reply.*—*Demurrer.*—A reply to an answer pleading as a set-off to the demand of the plaintiff a claim for board, washing, etc., and for boarding plaintiff's horse, which alleges a contract by which the plaintiff was to receive from the defendant board, etc., in return for services to be rendered by the plaintiff on the defendant's farm, but without an averment that the horse was to be kept by said contract, or an averment of performance of the contract on the part of the plaintiff, is not a good defence to the answer and is subject to a demurrer.

CONTRACT.— *Relatives.*—*Board and Services.*—*Compensation for.*—*Presumption.*—*How Rebutted.*—Where near relatives, either by blood or marriage, reside together as one common family, the one furnishing board, lodging, clothing or other necessaries or comforts of life, and the other in return renders services, a presumption arises that neither party intended to receive or to pay a compensation for the board or other necessaries or comforts furnished on the one hand or services rendered on the other. This presumption may be rebutted by an express or implied contract to pay, the existence of which is a question of fact for the jury.

From the Delaware Circuit Court.

*G. H. Koons,* for appellant.

*J. N. Templer* and *J. F. Sanders,* for appellee.

OLDS, J.—This is an action by the appellee against the appellant. The complaint is in two paragraphs. The first is upon a promissory note executed by the appellant to the appellee, April 25th, 1887, and the second is upon an open account.

Hill *v.* Hill.

The answer is in three paragraphs. The first is a general denial; the second pleads payment; and the third pleads a set-off. The reply is in four paragraphs.

The errors assigned are the overruling of the demurrers to each of the second, third and fourth paragraphs of reply and overruling the motion for a new trial.

The first error assigned and discussed is the overruling of the demurrer to the second paragraph of reply. The objection urged to this paragraph is that it is addressed to and purports to be an answer to both the second and third paragraphs of the answer, and only pleads facts constituting a reply to the third paragraph of answer, and neither denies nor confesses and avoids the facts pleaded in the second paragraph. In this theory we think counsel are mistaken. The reply is headed by a preliminary, or introductory, statement designating it as a reply to the second and third paragraphs, after which follow two separate paragraphs properly numbered, the first a general denial, and the second pleads payment of the items pleaded as a set-off in the third paragraph of answer. We think the paragraph was properly treated as only being intended to apply to the third paragraph of answer, and the demurrer was properly overruled.

The third paragraph of answer in this case pleads a set-off, and alleges an indebtedness from the plaintiff to the defendant in the sum of $1,234 for board, washing, lodging, mending and making the clothes of plaintiff furnished to the plaintiff by the defendant, and for boarding, furnishing feed and stable-room for, and keeping plaintiff's horse, and furnishing pasture for his horse, all furnished by defendant to the plaintiff, and had and received of and from the defendant by the plaintiff at the special instance and request of plaintiff, a bill of particulars of which is marked exhibit "A," and filed with the paragraph of answer. In the bill of particulars itemizing the account are the items of $125 for keeping plaintiff's horse, and for board for plaintiff from January 25th, 1881, to April 25th, 1886, 270 weeks, at

$3.15 per week, and for lodging, washing, making and mending clothing.

The third paragraph of reply purports to be a reply to the third paragraph of answer. This paragraph of reply admits that the plaintiff lived and boarded at defendant's house a portion of the time from January, 1881, to April, 1886, but avers that at the time he commenced boarding and living with defendant, by mutual agreement and contract between plaintiff and defendant, plaintiff was to have board and other comforts of a home at the house of defendant, including his washing and mending, for what services plaintiff could or might do in and about the farm and premises of the defendant in the way of labor, care and attention to the stock, and such other chores as plaintiff was able to or could perform while he so remained at the house of the defendant, and that he remained at and on the farm of plaintiff under and by virtue of said contract, and not otherwise, and avers that while he so remained he did render service and labor for the defendant in and about the defendant's house, and on his farm, such as feeding stock, making and tending garden, trimming trees, driving reaper and mower, assisting in carpenter work, building addition to milk-house, repairing house, gathering corn, making hay, and other work, all of which was done and rendered for the benefit of the defendant, which said labor and services so rendered were in full accord and satisfaction of any and all demands of defendant against plaintiff on account of any matter or pretended claim of defendant as set forth in said third paragraph of answer or in exhibit "A," made a part thereof, wherefore he demands judgment.

The defendant demurred to this paragraph of reply, and the demurrer was overruled, and exceptions taken. This ruling is assigned as error.

The answer to which this reply is addressed sets up a claim against the plaintiff, and it is itemized. An item for board from January 25th, 1881, to April 25th, 1886, two hundred

and seventy weeks, $850.50 ; to lodging during same period. of time, $135; for washing, $67.50; mending and making clothing, $67.50, and to board, feed and stable for horse from January 25th, 1881, to February 25th, 1883, twenty-five. months, at $5 per month, $125.

The reply first contains an indefinite admission that plaintiff lived and boarded at defendant's house a portion of the time from January, 1881, to April, 1886. It then alleges a contract by which he was to receive from defendant board and comforts of a home, and mending and washing. This averment would probably include all the items set up in the answer, excepting the keeping of the horse, which is in no way referred to in the averment, in consideration for which the plaintiff was to do and perform such chores and labor on the farm of the defendant as he was able to and could do while he remained with the defendant, and that he remained on the farm of the defendant under and by virtue of such contract. It is then further averred in the paragraph that the plaintiff, while he so remained on the farm, performed certain services which were done and performed for the benefit of the defendant, and which were in full accord and satisfaction of any and all demands set forth in said paragraph of answer or exhibit thereto attached.

There is no averment by which it appears the horse was to be boarded and kept by said contract, or that the services were performed under the contract, nor is there any averment of a performance of the contract on the part of the plaintiff. So that the plea is not good as a plea setting up that by a contract defendant was to board the plaintiff and do his washing and mending and keep his horse in consideration of certain services to be performed by the plaintiff, and averring that the plaintiff had fully complied with his part of the contract and performed the services which, by the contract, he was to render in payment for his board, washing, mending and the keeping of his horse.

The paragraph can not be held good on any other theory.

It avers that the services were rendered for the benefit of the defendant, and that they are in full accord and satisfaction of the claim set up in the answer, but it does not aver any contract by which the defendant was to accept such services when rendered in full satisfaction of such claim.

It is not contended that the paragraph seeks to plead accord and satisfaction; if it did it would not be good. 1 Works Prac., section 598; *Deweese* v. *Cheek,* 35 Ind. 514; *Harbor* v. *Morgan,* 4 Ind. 158; *Coquillard* v. *French,* 19 Ind. 274.

We think the paragraph was intended to plead a contract by which the board, lodging, etc., were to be furnished, and were furnished, by the defendant to the plaintiff under a contract by which they were to be paid for by the personal services to be rendered by the plaintiff to the defendant, and that the plaintiff had fully performed and rendered the services required by the contract to be performed by him in payment for the same, but such defence is not properly pleaded in the reply, and the court erred in overruling the demurrer thereto. For this error the cause must be reversed.

Error is assigned as to the overruling of the motion for a new trial, which questions the correctness of certain instructions given by the court to the jury.

The plaintiff and the defendant were brothers-in-law; the defendant's wife being the sister of the plaintiff, and such relationship existed at the time the board, lodging, washing and mending were furnished by the defendant to the plaintiff, and the services rendered by the plaintiff for the defendant; and the evidence tended to show that the plaintiff was living in the family of the defendant, as a member thereof, during the time such boarding, lodging, etc., were furnished, and the services performed. It was contended on the part of the defendant that such board, etc., was to be paid for; and, on the part of the plaintiff, that he was not to pay for the same, and that he was not liable; and we think it sufficient to say that, as to the charge given by the court and excepted to, that it is to the effect that by reason of the re-

lationship existing between the parties there could be no re-
covery either for the board, lodging, washing and mending
on the one hand, or the services rendered on the other, ex-
cept upon an express contract; that there could be no re-
covery upon an implied contract; and further, that the re-
lationship raised a presumption that there was no express
contract; but the jury should determine, from all the cir-
cumstances and facts whether there was an express contract;
if there was, there could be a recovery; if there was not,
there could be no recovery.

We think the instructions are erroneous. The true rule
is, that where near relatives, either by blood or marriage,
reside together as one common family, the one furnishing
board, lodging, clothing or other necessaries or comforts of
life, and the other in return renders services, a presumption
arises that neither party intended to receive or to pay a com-
pensation for the board or other necessaries or comforts furn-
ished on the one hand or services rendered on the other;
that they were intended as mutual acts of kindness furnished
and done gratuitously, and that this presumption may arise
between brothers-in-law as well as between uncle and nephew,
or brother and sister, or others related in like degree; that
the presumption may be strong or weak owing to the degree
of relation and intimacy between the parties and the man-
ner of living and mutuality of the kindnesses and benefits ren-
dered and furnished by one to the other. This presumption
may be rebutted by an express contract to pay, and a re-
covery may be had upon the contract, or it may be rebutted
by facts and circumstances which exclude the intention on
the part of such persons that the thing furnished or services
rendered were gratuitous, and raise an inference that com-
pensation was intended, and in justice and fairness under
the circumstances they ought to have made a contract to
pay; under such circumstances the law will imply a contract
and require payment. On the other hand, where parent and
child or other near relatives reside together as members of

one family, each rendering favors and acts of kindness, furnishing board and clothing on the one hand, and rendering services on the other, the theory of the law is, that as honest, fair and just persons they ought not to require payment, and no implied promise to pay arises.

As to whether there is an express or an implied contract to pay is a fact for the jury to determine from the facts and circumstances developed by the evidence in the case, and there may be a recovery, between remote relatives at least, as well upon an implied contract, if the evidence is such as to entitle a recovery, and rebut the presumption arising by reason of the relationship and mutual intercourse between the parties that the board furnished or services rendered were to be gratuitous, as upon an express contract. This, we think, is clearly established by the decisions of this court.

In the case of *Smith* v. *Denman,* 48 Ind. 65, the court says: " The rule is settled in this State, that where a child continues to reside with his parents as a member of the family, after he arrives at age, or where the parents reside in the family of a child, there is no implied understanding on the part of either to pay for services rendered, or for board, lodging, or clothing furnished; but the undertaking may arise from an express contract, or may be inferred from circumstances. The relationship rebuts the presumption which exists in other cases, that compensation was intended, and the circumstances must be of such a nature and character as to overcome the presumption which arises from the relationship of the parties, to justify the inference that compensation was intended."

In that case the court charged the jury as follows: " One of the counts of the plaintiffs is based upon an implied contract. An implied contract is a matter of inference and deduction to be drawn from the circumstances surrounding the case. In this case you are to consider from the evidence the situation, conduct, the relation of the parties, and all the circumstances surrounding this case in determining whether an

implied contract existed between the parties," and the court held that such instruction was proper.

*Wallace* v. *Long*, 105 Ind. 522, was a case in which a husband and wife procured their niece to come and live with them during their lives, and agreeing to leave to her by will their estate at the death of the survivor. The court held that the contract was within the statute of frauds, and void, but says: "It does, however, serve to rebut any presumption which otherwise might have obtained, that the services rendered were to have been gratuitously performed, or that they were performed under the mere expectancy that the intestate would leave the plaintiffs' ward a legacy. She is, therefore, entitled to recover the value of her services."

In the case of *Cauble* v. *Ryman*, 26 Ind. 207, the court says: "It is a rule of law, recognized by repeated decisions of this court, that where persons standing in the relation toward each other occupied by the plaintiff and the deceased in this case, live together as members of a common family, there is no obligation to pay for services rendered on the one hand, or for board, etc., furnished on the other, without there be an express promise to pay, or the circumstances be such as to raise an implied promise." In this case the plaintiff took his mother-in-law into his family and kept her, and afterwards sought to recover pay.

In the case of *Neale* v. *Engle*, 7 Atl. Rep. 60, decided by the Supreme Court of Pennsylvania, the court held that the question as to whether there was a contract between the parties was properly a question of fact to be left to the jury. The decision in the case of *Curry* v. *Curry*, 114 Pa. St. 167, decided by the same court, is to the same effect. In the case of *Walls' Appeal*, 111 Pa. St. 460, decided by the same court, a niece of the decedent's wife was taken into the decedent's family and remained as a member of the family, and it was held that the presumption arose that her services were gratuitous. See, also, *Cauble* v. *Ryman, supra; Resor* v. *Johnson*, 1 Ind. 100; *Oxford* v. *McFarland*, 3 Ind. 156; *Hays*

v. *McConnell*, 42 Ind. 285 ; *Adams* v. *Adams*, 23 Ind. 50 ; *House* v. *House*, 6 Ind. 60.

The judgment is reversed, at costs of appellee, with instructions to sustain the demurrer to the third paragraph of reply, and for further proceedings in accordance with this opinion.

Filed Dec. 13, 1889.