# ELLIS, ADMINISTRATOR, *v.* BAIRD.

[No. 4,419.   Filed June 17, 1903.]

EXECUTORS AND ADMINISTRATORS.—*Claims Against Decedents' Estates.— Evidence.*—No error was committed in the trial of a claim against a decedent's estate for board and care of decedent in his last sickness in refusing to admit testimony of a witness as to a statement made at the time of the purchase of groceries for the family, claimant and her family living at the time with decedent, claimant not being present at the time the statement was made. *pp. 296, 297.*

SAME.—*Claims Against Decedents' Estates.—Care of Decedent.—Evidence.* —In the trial of a claim against a decedent's estate for board and care of decedent in his last sickness, a verified claim of claimant's husband, for the same kind of services, and rendered at the same time as that embraced in plaintiff's claim, was properly excluded.   *p. 297.*

SAME.—*Claims Against Decedents' Estates.—Care of Decedent.—Evidence. —Refreshing Memory.*—In the trial of a claim against a decedent's estate, for board and care of decedent, the court erred in refusing to permit a witness to testify to the articles of provisions furnished by him to decedent by refreshing his memory by reference to plaintiff's bill.   *p. 297.*

SAME.—*Claims Against Decedents' Estates.—Evidence.—Physicians.— Cross-Examination.*—Where in the trial of a claim against a decedent's estate a physician as a witness for defendant testified that he treated decedent during his last sickness, stating the number of times medicine was given and who administered it, no error was committed in permitting plaintiff to ask him, on cross-examination, for what diseases he treated decedent.   *pp. 297, 298.*

SAME.—*Claims Against Decedents' Estates.—Care of Decedent.—Evidence.* —Where in the trial of a claim for board and care of decedent it appeared that claimant and her family lived at the home of decedent at the time of the rendition of the services, the court erred in refusing to permit defendant to prove that plaintiff said, as she was starting for the home of decedent, that she would have to go there and do the washing and cooking for the old gentleman, and take care of him, that the old gentleman was to furnish the provisions for her family.   *pp. 298, 299.*

SAME.—*Claims Against Decedents' Estates.—Care of Decedent.—Contracts. —Evidence.*—Where the person rendering the services and the person for whom they are rendered are members of a family living together as one household and the services appertain to such condition, an implication of a promise on the part of the recipient to

pay for the services does not arise from the mere rendition and acceptance thereof, but the service will be presumed to be gratuitous; and, to support a recovery therefor, the burden is upon the plaintiff to show an express contract for compensation, or such circumstances as manifest a reasonable expectation on his part of compensation therefor. *p. 299.*

From Hendricks Circuit Court; *T. J. Cofer,* Judge.

Claim by Ella Baird against Eldridge R. Ellis, administrator of the estate of James A. B. Baird, deceased. From a judgment for plaintiff, defendant appeals. *Reversed.*

*J. P. Allee,* for appellant.
*G. W. Brill* and *G. C. Harvey,* for appellee.

COMSTOCK, P. J.—Appellee, plaintiff below, the wife of W. H. H. Baird, who is a son of James A. B. Baird, deceased, filed her claim against the estate of said decedent for cooking, waiting upon, nursing, washing for, and boarding decedent, as well as washing for and boarding his two sons, including loss of bed clothing and other garments from the 1st of September, 1899, to the 18th day of October, 1900, at which time the said decedent died. The cause was put at issue by general denial, and a trial by jury resulted in a verdict and judgment in favor of appellee for $533.33 1-3.

The overruling of appellant's motion for a new trial is the only error assigned.

The refusal to admit certain testimony is set out, with other reasons, in the motion for a new trial. An objection to the following question propounded by appellant to Martha E. Baird, a witness introduced by appellee, was sustained: "I will ask you to state, Mrs. Baird, if you heard any statement made to the merchant from whom these groceries were purchased—these groceries that were used there by Mrs. Baird for her family—as to whom these groceries should be charged. You may state what was said, if anything, in your presence on that subject." The witness

had previously testified that she was with Thomas, a son of the decedent, when certain groceries were purchased that were used in the family. Claimant was not present. In this there was no error.

Appellant offered to introduce in evidence the verified claim of W. H. H. Baird, husband of claimant, pending in court against said estate, for the same kind of services, and rendered at the same time as those embraced in claimant's claim. It was properly excluded.

The court refused to permit Oscar Stanley, a witness offered by the appellant, to testify, over the objection of the plaintiff, in response to the following question: "I will ask you, to refresh your memory, to refer to that bill and tell the jury what provisions you furnished the old man Baird in the year from September, 1899, to the 18th day of October, 1900, and the kind of goods and provisions you furnished, if any." The offer was not to introduce the bill in evidence, which would have been improper— the memorandum not having been made by the witness, and not being an original entry—but to tell what provisions were furnished decedent, after refreshing his memory from looking at the bill. A witness may refresh his memory by any means at hand. The court erred in excluding the question.

Dr. Charles T. Hope testified in behalf of appellant that he had, as a physician, treated the decedent during the months of August and September, a part of the time in which appellee claimed for services. He testified as to the number of times medicine was given to the decedent, and by whom the medicine was administered. Upon cross-examination the court permitted the following question: "What ailed him?" to which he answered: "He suffered from a complication of diseases. Primary underlying disease was a disease of the heart." He also testified that he suffered from disease of the kidneys and from hernia. Also the following question: "What did you treat him

for, doctor? Did you treat him for all those diseases that you have described?" To which he answered: "Yes, sir, I did." The questions were objected to on the grounds that they were not proper cross-examination, and called for matters that were confidential and privileged. There was no error in the ruling.

Appellant offered to prove by two witnesses (Minnie Ladowe and Eva Hodson, competent witnesses for the appellant) that appellee, at the time she was starting for the home of the deceased in Hendricks county, stated that she would have to go there and do the washing and cooking for the old gentleman, and take care of the old gentleman, and that the old gentleman was to furnish the provisions for his family and for her family, and that she intended to do that until she got another place. In view of the evidence showing the persons composing the household, and the manner in which its affairs were conducted, this testimony was material and important. A strong inference arises from the facts proved that the understanding of appellee of the terms upon which she was going to the home of her father-in-law, attempted to be proved, was carried out. The jury should have had the benefit of the testimony. It was the theory of the defense that if there was any contract, express or implied, it was that the husband of appellee or the husband of appellee and the appellee, were to take care of the decedent for the home and provisions furnished. The evidence shows that Ella Baird, appellee, is the wife of W. H. H. Baird, a son of the decedent; that the decedent, his two sons, Albert and Thomas, the claimant and her husband and their three children, occupied the house of the decedent—lived and ate together as one household and one family—from the 1st of September, 1899, to the 18th day of October, 1900, on which date decedent died. The vegetables that were used on the table came from the decedent's garden; the milk and butter from his cows; the meat and lard from his hogs; the fruit

from his orchard. The decedent furnished flour, sugar, and coffee for the use of the family. It is in evidence, not contradicted, that the appellee stated that decedent furnished the provisions. The washing for the entire family was done in the same tubs at the same time, the husband assisting his wife. The evidence shows that they were all living together as one family. Appellee and her husband each testified that there was no contract between decedent and appellee. The care and attention given the decedent was given by his sons, including the husband of the appellee, and the appellee.

"Where the person rendering services and the person for whom they are rendered are members of a family living together as one household, and the service appertains to such condition, an implication of a promise on the part of the recipient to pay for the services does not arise from the mere rendition and acceptance thereof, but the service will be presumed to be gratuitous; and, to support a recovery therefor, the burden will be upon the plaintiff, who rendered the services, to show an express contract for compensation or such circumstances of the services as manifest a reasonable expectation on his part of compensation therefor."

We have considered the questions in the order in which they have been argued. Numerous other alleged errors are discussed, but the questions thus presented may not arise upon a second trial, and they are not, therefore, considered.

The judgment is reversed, with instruction to sustain appellant's motion for a new trial.