# Ross v. Felter.

[No. 9,788.   Filed April 24, 1919.   Rehearing denied June 27, 1919.]

1. INJUNCTION. — *Temporary Restraining Order.* — *Expiration.* — When a temporary restraining order is issued until a fixed date, and the party is given leave on that day to move for a temporary injunction, but no further action is taken, the temporary restraining order expires on the date fixed.   p. 61.

2. INJUNCTION.—*Temporary Restraining Order.*—*Expiration.*—An order restraining defendant from harvesting or disposing of certain wheat until notice and further order of the court, it being ordered that defendant be notified that an application for a temporary injunction would be heard on a day named, did not fix a definite limit as to when the restraining order should expire, so that, in the absence of further action, it did not expire on any fixed date.   p. 61.

3. JUDGMENT.—*Final Judgment.*—*What Constitutes.*—*Action for Injunction.*—Where, in an action for an injunction, there was a trial upon the issues, evidence was heard, and there was a general finding for defendant and plaintiff was adjudged liable for costs, such judgment was "final," so that defendant could sue on the injunction bond given by plaintiff, a judgment being final if it at once disposes of the entire controversy, settling the rights of the parties and leaving nothing for further consideration.   p. 62.

4. EVIDENCE.—*Admissibility.*—*Transcript of Injunction Proceedings.*—*Action on Injunction Bond.*—Where there was final judgment in an action for an injunction, the transcript of the proceedings in that action was properly admitted in evidence in defendant's action on the injunction bond given by the plaintiff.   p. 62.

5. EVIDENCE.—*Testimony as to Declarations Out of Court.*—*Admissibility.*—*Limiting to Purpose of Impeachment.*—Where there was judgment for a tenant in a landowner's action for an injunction to restrain him from harvesting and disposing of a crop of wheat, and the tenant sued on the injunction bond to recover damages, it was proper for the trial court, in admitting testimony of declarations made by the tenant as to the ownership of the wheat involved, to limit the use of such evidence to the purpose of impeachment, since, although declarations and statements of a party made out of court may be proved, not merely to impeach the party, but as substantial proof of a fact in controversy, the ownership of the wheat was determined in the injunction

proceedings, so that it was not in issue in the action on the bond. p. 63.

6. INJUNCTION.—*Action on Bond.*—*Measure of Damages.*—In an action on an injunction bond given plaintiff tenant when enjoined from harvesting or disposing of a crop of wheat, plaintiff was entitled to recover the fair market value of the wheat when taken, personal expenses and loss of time necessarily spent in the action, together with such reasonable attorney fees as he may have incurred on account of the injunction proceedings. p. 63.

From Howard Circuit Court; *A. B. Kirkpatrick,* Special Judge.

Action by Wiley S. Felter against John A. Ross. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Kent & Ryan, Brumbaugh & Laymon* and *Bell, Kirkpatrick & Voorhis,* for appellant.

*Wolf & Barnes* and *Sheridan & Gruber,* for appellee.

McMAHAN, J.—This is an action for damages on an injunction bond given by Walter Stigleman, as principal, and the appellant, as surety, in an action brought by Walter Stigleman against the appellee.

The cause was tried by a jury, and resulted in a judgment being rendered against appellant in the sum of $300. The only error assigned and not waived is that the court erred in overruling appellant's motion for a new trial.

Appellant's contentions that the verdict of the jury is not sustained by sufficient evidence and is contrary to law will be considered together. The facts are in substance as follows: On June 20, 1910, Walter Stigleman filed a complaint against the appellee in the Clinton Circuit Court, and on the same day he applied to the court for a temporary restraining order, gave the bond sued on, which was signed by

appellant as surety, and the court on said day issued a temporary restraining order, restraining the appellee until notice and further order of the court, from cutting, harvesting and disposing of certain wheat which was on a farm which said Stigleman had recently purchased, and which had been occupied by appellee as tenant.

The said order provided that the defendant, appellee, be notified that an application for a temporary injunction in said cause would be heard on June 24; this order was served on appellee the same day it was issued. No action was taken in said cause on June 24 and nothing further was done until in September, when the appellee appeared and filed his answer.

The cause was submitted to the court for trial, and in January, 1912, the court entered a judgment against the appellee, perpetually enjoining him from cutting or removing said wheat. A new trial being granted, the cause was again tried, and on this second trial the court, on June 6, 1914, made a general finding against the plaintiff in that action and in favor of appellee upon the issues presented by the pleadings, and on the same day rendered a judgment in favor of appellee for costs.

Appellant claims that the evidence shows that no injunction was granted, but that a mere temporary restraining order was granted to be and remain in force until notice thereof be given and a hearing on June 24 of an application for a temporary injunction could be had, and that by the terms of said restraining order, as well as by the law authorizing the same, it expired June 24, leaving the appellee thereafter unrestrained and free to remove and dispose of the wheat in controversy at his will and that appellee could recover only such damages as were the direct

result of the restraining order between June 20 and June 24.

We do not think that the appellant can be upheld in this contention. We agree with the appellant that, when a temporary restraining order is issued

1. until a fixed date, and the party is given leave on that day to move for a temporary injunction, and no further action is taken, the tem-
2. porary restraining order expires on the date fixed. But the order under consideration did not fix a definite limit when the temporary restraining order should expire. The order read as follows: "It is ordered that the defendant be and is hereby restrained from cutting any wheat or removing the same from the following described real estate * * * until notice and further order of this court. It is further ordered that the defendant be notified that an application for a temporary injunction herein will be heard * * * on the 24th day of June 1914."

No application was made for a temporary injunction, and nothing was done except to put the cause at issue until December 11, when the cause was submitted to the court for trial. The court found the facts specially, and, after stating its conclusions of law, rendered a judgment against the appellee, wherein it was adjudged that the "temporary injunction heretofore granted, entered and issued in this cause be, and the same hereby is, made perpetual." Thus it would appear that the judge who had issued the temporary restraining order and the parties acted upon the theory that the temporary restraining order was in force and effect, and it was carried into the final judgment, although it was improperly referred to as a temporary "injunction."

If the temporary restraining order had been limited by its terms to expire June 24, instead of until further order of the court, we would have a very different proposition before us. *Terre Haute, etc., R. Co.* v. *St..Joseph, etc., R. Co.* (1900), 155 Ind. 27, 57 N. E. 530.

Appellant also contends that no final judgment was rendered on the second trial, that the judgment of the court that the plaintiff pay the costs is an interlocutory and not a final judgment. We cannot agree with the appellant in this contention. There was a trial upon the issues, evidence was heard, and there was a general finding for the appellee, whereupon it was adjudged and decreed that the plaintiff in that cause pay the costs of the action. There was nothing further to do in that case. The issues were fully disposed of, and a final judgment rendered. A judgment is final if it at once disposes of the entire controversy, settling the rights of the parties, and leaving nothing for further consideration. No particular form of words is usually considered necessary to show the rendition of a judgment. *Kelley* v. *Augsperger* (1908), 171 Ind. 155, 85 N. E. 1004; *State, ex rel.* v. *Lung* (1907), 168 Ind. 553, 80 N. E. 541.

3.

Complaint is also made because the court allowed the appellee to introduce the transcript in the case of Stigleman against the appellee in evidence. From what we have heretofore said in discussing the temporary restraining order and the final judgment, it follows that the court committed no error in admitting the transcript of the proceedings in the injunction suit in evidence.

4.

Appellant next says that the court erred in refusing to admit the answer to question No. 8 in the depo-

sition of Joseph P. Gray for the purpose of showing ownership of the wheat in Walter Stigleman and in admitting and limiting such answer for the purpose of showing statements made by appellee out of court in conflict with statements made in court. The witness in his said answer stated that appellee had told him that he had sold the wheat to his father-in-law from whom Stigleman had purchased the land, and that this statement was made before Stigleman purchased the land. It is true, as appellant contends, that declarations and statements of a party made out of court may be proved, not merely to impeach the party, but as substantial proof of the fact in controversy. But the ownership of the wheat was not a matter in controversy in the case now before us. That controversy was disposed of in the injunction proceedings. There was no error in thus limiting the testimony of the witness.

Complaint is also made that the court erred in giving instructions Nos. 3, 4 and 5, tendered by appellee, and in refusing to give No. 5, tendered by appellant. The objection made to Nos. 3 and 4 is that there was no final judgment in the injunction proceedings. We have held otherwise. These instructions were not objectionable.

Instruction No. 5 related to the measure of damages, and told the jury that, in case they found for the appellee, he was entitled to recover the fair market value of the wheat when taken, personal expenses and loss of time necessarily spent in the action, together with such reasonable attorney fees as he may have incurred on account of the injunction proceedings. This is a correct statement of the law.

Instruction No. 5 tendered by appellant asked that the jury be instructed that the judgment rendered in the injunction proceedings was not a final judgment. We have held otherwise. There was no error in refusing this instruction.

Appellant also contends that the amount of the verdict is excessive, but that contention is also based on the theory that there was no final judgment in the injunction proceedings, and that there could be no recovery for that reason.

There was no error in overruling the motion for a new trial. Judgment affirmed.