## WITT *v.* WITT, EXECUTRIX.

[No. 15,799. Filed February 16, 1938. Rehearing denied April 19, 1938. Transfer denied June 7, 1938.]

*Ruckelshaus & Ruckelshaus* and *Ira M. Sharp*, for appellant.

*Ernest R. Stewart, Albert M. Bristor* and *Harry S. Medlock,* for appellee.

CURTIS, J.—This action arose upon a claim filed by the appellant against the estate of Joseph W. Witt, deceased, upon which she sought to recover from said estate the sum of $11,260 for caring for, nursing and doing housework for the said Joseph W. Witt and his wife Theodocia Witt under a promise of the said Joseph W. Witt to pay the appellant for such services. The appellant is the daughter of the said Joseph W. and Theodocia Witt, both now deceased, and lived with them as a member of the family and household until the death of her said father on July 2, 1926, and, after his death, continued to live with her said mother until her death June 20, 1934. The said Joseph W. Witt wholly sup-

ported the appellant until the time of his death and, by the terms of his will directed that the said Theodocia Witt furnish, or allow to be furnished, out of the estate bequeathed to her, ample funds for the maintenance and support of the appellant during the time she should remain unmarried. The appellant never married and continued to receive her maintenance and support from the income from the portion of said estate bequeathed to Theodocia Witt until the death of the said Theodocia Witt.

The claim was duly verified and filed and, omitting formal parts, is as follows:

"ESTATE of Joseph Witt, Deceased.
To Maude Witt, Dr.

July 1, 1923, to May 2, 1924:
Caring for, nursing, doing housework, attending Theodocia Witt, wife of Joseph W. Witt, who was helpless because of paralysis, and whose mental condition by reason thereof was such that she required constant care and attention, forty-four weeks at $15.00 per week .......................................................$ 660.00

May 2, 1924, to July 2, 1926:
Caring for, nursing, doing housework and attending upon Joseph W. Witt and Theodocia Witt, his wife, both of whom were helpless because of paralysis and consequent physical and mental debility and by reason thereof required constant care and attention, 112 weeks at $25.00 per week................ 2,800.00

From July 2nd, 1926, to July 2nd, 1928:
To care of Theodocia Witt pursuant to instruction from and agreement with Joseph W. Witt, 112 weeks at $15.00 per week .................................................. 1,560.00

From July 2nd, 1926, to July 5th, 1934:
To care of Theodocia Witt until her death, 312 weeks at $20.00 per week.... 6,240.00

Total...............................................$11,260.00"

The claim was disallowed and then transferred to the issue docket for issues and trial. To the said claim the appellee filed four paragraphs of answer. The first two were in the nature of an estoppel, to each of which the court sustained a demurrer. No questions are presented as to said rulings. The third paragraph of answer was in denial. The fourth was in the nature of a set-off. Upon the issues thus made the cause was submitted to the court for trial without the intervention of a jury resulting in a finding that the appellant take nothing by her cause of action. Judgment was rendered in accordance with the finding. The appellant seasonably filed a motion for a new trial which was overruled and this appeal prayed and perfected. The said motion contains nine causes or grounds, the first two of which are: "(1) The decision of the court is contrary to law. (2) The decision of the court is not sustained by sufficient evidence." The third cause or ground is newly discovered evidence. The remaining causes or grounds each relate to alleged error in the admission of items of evidence. As we view the case it will not be necessary to deal in detail with any of the said causes except the first and second.

The appellee's position is stated in her brief as follows:

"It was the theory of the appellee that (1) the circumstances of the case and the relationship of the appellant and the said Joseph W. Witt were such that no promise on his part to pay appellant for such services could be implied; (2) any claim of appellant for services rendered to the said Joseph W. Witt or Theodocia Witt, or both, prior to the death of the said Joseph W. Witt, was at the time of the filing thereof fully and effectually barred by the statute of limitations of the State of Indiana; (3) the estate of Joseph W. Witt was in no way bound for the payment of services rendered to Theodocia Witt after the death of the said Joseph W. Witt; (4) any debt claimed by appel-

lant to be due her from said estate had been compromised and finally settled before the filing of her claim."

The appellant, on the other hand, in her reply brief says:

"It has been repeatedly insisted by appellee that the contract upon which appellant relies, if it exists at all, is an implied contract. The appellant, on the contrary, does not rely on a contract which would be implied from the circumstances of this case. On the contrary, the portion of the testimony set forth in appellee's brief would support appellant's contention that there is involved in this case an express contract. Furthermore, the appellant would emphasize the fact that the only testimony that can be found in the record in this case is affirmative testimony to the effect that Joseph W. Witt had an express agreement with appellant Maude Witt, whereby Maude Witt was to be compensated for her services. There is no contrary evidence of any character in this case.

"An examination of the evidence in this case, as set forth in the transcript, would disclose that the appellee did not defend the appellant's claim on the theory that no agreement, either express or implied, existed between appellant and her father. However, appellee now insists that the judgment of the lower court can be sustained on the theory that the evidence failed to disclose an express contract in view of the relationship existing between the appellant and her father. The appellee lays great stress on the fact that the law raises a presumption as between parent and child that the services rendered for the father in this type of case were gratuitous. While it is recognized that such presumption exists, it has no application where there is positive evidence of an express agreement between the parties.

"Thus, we have in this case positive evidence of an

express agreement between the testator, Joseph W. Witt, and the appellant, whereby appellant was to be compensated for her services. There is no evidence of any character that this understanding did not exist. It follows that if the judgment of the lower court, as appellee contends, was based on the finding that an agreement between appellant and appellee never existed, such judgment is entitled to reversal. For it is well settled that while this court will not review the finding of a court where there has been conflicting evidence, this court will, on appeal, reverse a judgment based on a finding which is unsupported by any evidence."

Upon all material and controlling facts there is no conflict in the evidence. It shows that the appellant looked after the home and the financial affairs of her father for about three years; that during a period of almost eleven years she took care of her mother, who was an invalid by reason of a stroke of paralysis, a part of which time she was affected mentally and was difficult to care for. In addition, for a lesser period of time, she took care of her father, who likewise suffered from a paralytic stroke, and thereby became physically incapacitated. The appellant had opportunities for business and for marriage, both of which she gave up in order to bestow the necessary care upon her parents. We think that the facts clearly demonstrate that the father realized this situation and for that reason made an agreement with the appellant that she remain at home and take care of her parents, in return for which she should be paid for her services. The evidence of the two nurses who assisted the appellant in the care of the parents bears out this statement. In view of this evidence and the fact that it was totally undisputed, the trial court could not properly find that there was no contract to pay the appellant for her services. The law applicable to the situation where the

person rendering the services and the person or persons for whom the services are rendered are living together as one household and the services rendered grow out of that situation is that there is a presumption that such services are gratuitously performed and the mere rendition of such services and the acceptance thereof will not raise a promise to pay therefor. But this is only a presumption and may be rebutted by the showing of an express contract to pay for same or by showing such circumstances of the service as to manifest clearly an implied agreement to pay therefor. See: *Allen* v. *Etter* (1931), 92 Ind. App. 297, 175 N. E. 286; *Ellis* v. *Baird* (1903), 31 Ind. App. 295, 67 N. E. 960; *Hill* v. *Hill* (1889), 121 Ind. 255, 23 N. E. 87; *Crampton, Admr.* v. *Logan* (1902), 28 Ind. App. 405, 63 N. E. 51.

Ordinarily the existence or non-existence of such a contract is a question of fact for the court or jury but where, as in the instant case, the evidence is not in conflict and is susceptible of but one conclusion then this court can say as a matter of law whether or not such a contract has been shown.

Neither would the trial court be warranted in reaching the conclusion it reached from the fact that the will of the appellant's father made her a beneficiary. The will itself contained no language from which it could be properly inferred that the provisions made for her therein were intended to extinguish the appellant's claim herein. On the contrary we think the will clearly showed that there was no such intention and it must be borne in mind that the appellant's claim was an unliquidated one. The devise in the will was in land and the claim being an unliquidated one there is no presumption that the devise would extinguish the claim unless the will showed that to be the intention of the testator. This intention is not manifest in the will. See *Allen* v. *Etter, supra.*

We have not found it necessary to consider whether the court erroneously admitted, over the appellant's objections, the several conveyances between the appellant and her brothers which contained certain recitals. The estate was not a party to these conveyances but even if they be considered there is nothing therein upon which to base a conclusion that they had the effect of payment or settlement of the appellant's claim.

One of the remaining questions is as to the contention that the claim of the appellant is barred by the statute of limitations. The father died in 1926 and the appellant continued to care for her mother until her mother's death in 1934. If this care was bestowed in compliance with the contract between the father and the appellant then clearly the claim is not barred. We think the evidence is conclusive on this question and that the claim was not barred. See: *Crampton* v. *Logan, supra; Paul* v. *Snyder* (1913), 52 Ind. App. 291, 100 N. E. 571.

Another contention is made as to the set-off which was pleaded purporting to charge the appellant with the support given her by the father and his estate during this said eleven-year period. It is sufficient to say that no such claim has any basis in law under the facts in the instant case.

In our opinion the decision of the court is not sustained by sufficient evidence and is contrary to law.

Due to the fact that the claim of the appellant is unliquidated we have concluded to order a new trial. If the claim were a liquidated one we would have no hesitancy in ordering a judgment. The judgment is reversed with instructions to grant a new trial and for further proceedings not inconsistent with this opinion.