NEEF *v*. NEEF'S ESTATE ET AL.

[No. 16,794. Filed December 5, 1941. Rehearing denied January 22, 1942.]

*E. Miles Norton,* of Crown Point, and *George P. Rose,* of Gary, for appellant.

*Roscoe R. Peddicord,* of Hobart, for appellees.

FLANAGAN, J.—Appellant, Huldah Neef, filed claims for "personal services for caring for and attendance upon" her father and mother against their separate estates. The claims were consolidated and submitted to a jury for trial. At the close of appellant's evidence, the court granted a motion for a directed verdict and that action is here assigned as error.

The question presented is whether there was any evidence of a contract to pay for the services rendered.

The rule is settled in this State that while there is no implied understanding that parents shall pay for

services rendered by children who continue to reside with their parents as members of the family after arriving of age, yet such undertaking may arise from an express contract or be inferred from circumstances; and the question as to whether an express or implied contract to pay exists is for the jury to determine from all the facts and circumstances developed by the evidence, including the situation, conduct and relation of the parties. *Witt* v. *Witt, Executrix* (1938), 105 Ind. App. 415, 12 N. E. (2d) 1013; *Hill* v. *Hill* (1889), 121 Ind. 255, 23 N. E. 87; *Allen, Exr.* v. *Etter* (1931), 92 Ind. App. 297, 175 N. E. 286; *Wainwright Trust Co., Admr.* v. *Kinder* (1918), 69 Ind. App. 88, 120 N. E. 419; *Crampton* v. *Logan* (1902), 28 Ind. App. 405, 63 N. E. 51.

The evidence in this case discloses that appellant was 54 years of age at the time of the death of her parents, who died within a few days of each other. For a number of years prior to their death both parents had been feeble. Appellant did not marry but stayed home and did the usual housework and waited upon her parents. Several witnesses testified to conversations with the parents in which the parents stated they intended that appellant be paid for what she did because she stayed home and took care of them. One witness testified that the father said he was going to leave his property to his wife and she would take care of what they owed appellant. Another testified that the mother said that as soon as she inherited the property she was going to put enough money in the bank to pay appellant. We think the evidence was sufficient to go to the jury on the question as to whether a contract existed.

Appellees urge that the record is silent as to whether appellant was present when anything was said by the

parents to the witnesses as to payment and that such silence constitutes failure to prove an essential element.

It is true that in order for a contract to be created the party rendering the services must have knowledge of promises or declarations as to payment so that the services are rendered with reliance thereon. But the fact that the persons rendering the services had such knowledge may be proved by circumstances as well as by direct evidence.

In this case there was ample evidence from which the jury could have inferred that appellant possessed such knowledge.

Judgment reversed with instructions to grant appellant's motion for a new trial and for further proceedings consistent with this opinion.

NOTE.—Reported in 37 N. E. (2d) 682.